## Andrew Lindberg v. Chicago City Ry. Co.

83    433<br>102    ²325

1. CONTRIBUTORY NEGLIGENCE—*Will Bar a Recovery.*—Any negligence on the part of the plaintiff, however slight, which contributes to an injury, will bar a recovery.

2. INSTRUCTIONS—*Misleading, When Reversible Error.*—In a case where the evidence is conflicting, an instruction which is argumentative and calculated to mislead a jury, requires a reversal of the judgment.

3. SAME—*Erroneous, When Not Cured by Others.*—Instructions which announce to the jury incorrect rules of law are not cured by other and correct instructions.

**Action in Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. GEORGE A. TRUDE, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed June 22, 1899.

**Statement.**—Appellee, a laborer in the employ of appellant, attempted to board one of the trains of appellant, and while so doing was injured.

As to the negligence of appellant and the exercise of care by appellee alleged in the declaration, there was a decided conflict in the evidence.

The trial resulted in a verdict against appellant, by which appellee's damages were assessed at $5,000. A remittitur of $2,000 was entered, and a judgment rendered for $3,000. From that judgment this appeal is prosecuted.

WM. J. HYNES and W. J. FERRY, attorneys for appellant; MASON B. STARRING, of counsel.

The injury must be attributable to the defendant's own negligence, and to that alone. If occasioned in any degree by the plaintiff's negligence he is without redress. N. J. Exp. Co. v. Nichols, 33 N. J. L. 434; Chicago City Ry. Co. v. Canevin, 72 Ill. App. 81, and cases therein cited; Chicago City Ry. Co. v. Fenimore, decided by this court at the October term; not yet reported; Chicago City Ry. Co. v. Lizzie Sullivan, decided by this court at the June term, 1898; not yet reported.

JAMES McSHANE, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

It will not be necessary to consider the evidence at length. It was conflicting, and it is sufficient to say of it that, after an examination of it all, we are of opinion that a verdict for either litigant could not be declared by a court of review to be manifestly against the weight of the evidence. We have, therefore, only to consider matters of procedure, and that consideration may be confined to the instructions given.

On behalf of the plaintiff, appellee, the court gave the following, among other instructions:

1.   " The court instructs the jury that slight negligence is not necessarily incompatible with due and ordinary care, and hence, if you believe from the evidence that the plaintiff was guilty of slight negligence, and slight negligence only, yet if you further believe from the evidence that before and at the time of the injury in question he was exercising due and ordinary care for his own safety, then he did all the law required of him in this regard.   Ordinary care, as mentioned in these instructions, is that degree of care which an ordinarily prudent man, situated as the plaintiff was, before and at the time of the injury, would have exercised for his own safety."

2.   " The court instructs the jury that even if you believe from the evidence that the plaintiff attempted to board the car in question while the car was in motion, that fact, if it be a fact, does not necessarily charge the plaintiff with contributory negligence as a matter of law.   The question is still for the jury whether, in view of that fact and of all the other facts and circumstances of the case, the plaintiff was or was not exercising ordinary care, under the circumstances, for his own safety."

Each of these instructions is subject to criticism. The first is technically correct in the proposition of law contained.   While any negligence, however slight, which contributed to the injury would bar a recovery, the law regarding any negligence which contributes as a cause of the injury as negativing an exercise of ordinary care, yet, if there be negligence which can not be said to have contributed to the injury, and if the plaintiff is found to have

Lindberg v. Chicago City Ry. Co.

been in the exercise of ordinary care, the plaintiff is not barred by reason of negligence which had nothing to do with causing the injury. But while to a lawyer the instruction may thus convey a correct proposition of law, yet it is calculated to mislead a jury, for it is not to be expected that they would, without direction, distinguish between slight negligence which did, and slight negligence which did not, contribute to the injury. It is likely to mislead.

The same may be said of the second instruction. It presents a correct statement of the law, but it is argumentative. It undertakes to tell the jury what is not "necessarily" and "as a matter of law" negligence. It is calculated to impress the jury with an argument that the very fact most relied upon by the defendant as constituting contributory negligence need not be so considered by them. It is undoubtedly a correct proposition that the jury might have determined that this fact did not constitute contributory negligence, but they should have been left to reach such conclusion, if at all, by their own determination of what did, under the given circumstances, constitute ordinary care.

The majority of the court are of opinion that the giving of the second of the foregoing instructions in a case where the evidence is so conflicting requires a reversal of the judgment.

If the proposition of law contained in either instruction was inaccurate, there could be no question, for other and correct instructions given are not to be regarded as curing instructions which announce to the jury incorrect rules of law. It can not be determined which of the inconsistent directions the jury adopted. But where, as her, the vicee of the instruction consists only in its misleading form, and not in any incorrect rule of law presented, it would seem that the tendency to mislead might be overcome by other instructions given, which so present the same matters as to prevent the jury from being misled.

Among the instructions tendered by the defendant, appellant, there were nine, which presented to the jury, in vary-

ing form, the care required of the plaintiff, appellee, to entitle him to a recovery, and which very fully informed the jury that no recovery could be had if the appellee had been guilty of any lack of ordinary care, and that if boarding the car under the circumstances surrounding was a lack of ordinary care upon his part, he could not recover. The writer is of opinion that the giving of these instructions might be safely regarded as operating to prevent the jury from being misled by the two improper instructions above set forth.

In conformity to the opinion of the majority of the court the judgment is reversed and the cause remanded.