# West Chicago St. R. R. Co. v. Catherine Callow, Adm'x, etc.

1. STREET CARS—*Running at a High Rate of Speed Not Necessarily Negligent.*—The mere fact that a street car is running fast does not establish that it was being run in a negligent manner; but the rate of speed may be considered in connection with other matters to determine the question of negligence.

2. SAME—*Duty of the Motorman on Electric Cars.*—The motorman of an electric car is not obliged to be on guard at all times against the unreasonable conduct of persons on the streets. All persons are, in respect to others, bound to use ordinary care, and what constitutes such care depends upon the circumstances which call for its exercise.

3. INSTRUCTIONS—*Telling the Jury What and What Does Not Constitute Negligence, Erroneous.*—Instructions telling a jury that certain acts do or do not constitute negligence are erroneous.

**Trespass on the Case.**—Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed May 23, 1902.

**Statement.**—About ten o'clock November 22, 1898, John J. Callow was struck and killed by a car of the West Chicago St. R. R. Co., at the corner of Taylor and Loomis streets, in the city of Chicago. He had called at the office of the Union Show Case Company, located on the northwest corner of Loomis and Taylor streets, and leaving their place of business started diagonally across Loomis and Taylor streets to take an east-bound car, which he could reasonably expect would stop at the southwest corner of these streets. This car was then approaching, on Taylor street. The east-bound cars ran upon the south side of the street. Callow was struck by a car running west on Taylor street. In order to pass to the point of taking the east-bound car he was obliged to first pass over the west-bound track and thereafter the east-bound track to the place at which passengers were in the habit of taking the car.

As he started across the tracks the east-bound car was approaching, and the motorman saw him. He raised his cane, signaling the car to stop, and proceeded on to cross

the tracks, when he was struck by a car going west and running at a high rate of speed. As he came out of the store and as he was going across the tracks, directly east of him was a horse and wagon with four occupants. This horse and wagon hid from his view the approaching westbound car. The horse and wagon were facing to the south. There was a verdict and judgment of $4,000 for the plaintiff.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

ALTGELD, DARROW & THOMPSON, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

While the mere fact that a street car is running fast does not establish that it was being run in a negligent manner, the rate of speed may be considered in connection with other circumstances to determine the question of negligence.

Neither the motorman of an electric car nor the driver of any vehicle is obliged to be all the while on guard against unreasonable conduct on the part of others on the street. All persons are in respect to others bound to use at least ordinary care; what constitutes such care depends upon the circumstances which call for its exercise.

The motorman of a street car knows that passengers are to be expected at street crossings; that vehicles may conceal an approaching car from a street pedestrian; usually, he is aware that some portions of his route are more occupied by footmen and carriages than others. All persons have a right to be in, to pass along and over the highway. Each must exercise ordinary care for the safety of others, guiding his footsteps and his carriage with reference not only to his own but the safety of others. It follows from this that what conduct is or is not negligence is a question of fact, and that a court ought not to instruct a jury that certain acts do or do not constitute negligence. At the instance of the plaintiff the court gave the following instruction :

" The court instructs the jury that it is not negligence

in and of itself for a person to cross in front of an approaching street car, but that they have the right to take into consideration all the circumstances surrounding the case."

In Lineberg v. Chicago City Ry. Co., 83 Ill. App. 433, an instruction to the effect that an attempt " to board " a street car " while the car was in motion" did not "necessarily charge the plaintiff with contributory negligence as a matter of law " was condemned and the judgment therein reversed because thereof.

Instruction telling a jury that certain acts do or do not constitute negligence have been frequently declared erroneous. Myers v. Indianapolis & St. Louis Ry. Co., 113 Ill. 386–389; Pennsylvania Co. v. Frana, 112 Ill. 398–404; North Chicago Street Ry. Co. v. Williams, 140 Ill. 275–281; East St. Louis and St. L. Electric St. Ry. Co. v. Wachel, Adm'r, 63 Ill. App. 181; Chicago City Ry. Co. v. Dinsmore, 162 Ill. 658–660; Illinois Central Ry. Co. v. Griffin, 184 Ill. 9.

We do not regard the instructions given as requested by the defendant in this case as doing away with the misleading and frequently condemned instruction as to what does not constitute negligence.

The second instruction given at the instance of the plaintiff upon the subject of damages attempts to express a correct rule but is in several respects badly worded and might mislead.

We do not regard the refusal of the court to give the following instruction as error:

" The court instructs the jury that the deceased was just as much in duty bound to look out for the defendant's approaching car, and to avoid colliding with the same, at the time and place in question, as the motorman in charge of the defendant's car was to look out for and to avoid colliding with the deceased. One was not held, in law, to any higher degree of care than the other."

The instruction, if given, might have misled. While motorman and pedestrian are each bound to exercise ordinary care, it does not follow that conduct amounting to reasonable care in one trundling a baby carriage is for another having control of an electric car weighing six tons and

moved by a power capable of propelling it eighteen miles an hour.

We do not regard the following statement of counsel in his closing address as misconduct:

"Unless street car companies are bound to take ordinary precautions where passengers are getting on street cars or standing at street crossings, no one can tell the extent of injury to life and limb."

The judgment of the Superior Court is reversed and the cause remanded.