## Chicago City Ry. Co. v. Andrew Benson.

1. NEGLIGENCE—*Attempting to Cross a Track Ahead of Approaching Street Car.*—Whether an attempt to cross a street car track ahead of an approaching car is negligence, is a question of fact for the jury under the circumstances of this case.

2. PRACTICE—*Permission of Leading Questions Lies Within the Discretion of the Court.*—It is a matter within the discretion of the court whether a leading question shall be allowed.

Trespass on the Case, for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in this court at the October term, 1902.   Affirmed.   Opinion filed May 28, 1903.

JOHN W. BYAM, attorney for appellant.

NORMAN A. BECK, attorney for appellee; MARVIN E. BARNHART, of counsel.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee, having been injured by one of appellant's electric cars on South Halsted street near Sixty-third Court, Chicago, November 15, 1900, brought suit against appellant to recover damages therefor, a trial of which resulted in a verdict in his favor of $2,500 and judgment thereon, from which this appeal is taken.

Appellant makes no question as to the amount of damages awarded appellee nor as to any rulings of the court upon instructions, except to the refusal of an instruction asked at the close of all the evidence, taking the case from the jury.

The principal contentions of appellant's counsel are, first, that appellee's injury was due to his own lack of care, and that appellant was not guilty of negligence. The charge of negligence in the declaration, which consists of two counts, is in the first count general, and to the effect that the defendant carelessly and improperly drove and managed its car, and in the second, that the defendant's servants improperly and recklessly operated and managed

its car at an unusually and recklessly high rate of speed, ringing no bell nor gong, nor giving any warning or alarm of any kind of the car's approach. The evidence on behalf of appellee, in substance, among other things not necessary to be stated, shows that he was driving a one-horse truck wagon, loaded with two stoves, south along South Halsted street; a car going south on the west track having passed the appellee about a block when he was some fifty to one hundred feet south of Sixty-third Court, an east and west street which extends no further west than Halsted street, he turned his horse and started across the street to the east, and as he did so he saw another car coming from the south, going north, about a block away, one of plaintiff's witnesses saying that it was about 200 feet away when appellee started to cross the track, and before he had entirely crossed the east track, appellant's car struck the hind wheel of appellee's wagon with so much force that the wagon was whirled around, the horse thrown down, and appellee thrown from the wagon and his shoulder broken. The evidence for appellee is to the effect that the car was going, at the time the wagon was struck, at "full speed," or, as two of the witnesses state, "at a high rate of speed," but what the rate of speed was is not shown. The appellee testifies that he did not remember anything for fifteen or twenty minutes after the collision. One of his witnesses says that the car ran about 150 feet after it struck the wagon, and another that the car stopped about 100 feet after striking the wagon. The evidence for appellee is also to the effect that no bell nor gong was rung, but we regard that as unimportant, because the appellee testified that he saw the car about a block away when he had started to cross the street; that it did not stop or slack up; that as soon as he knew it was dangerous he whipped the horse—hastened to get across.

The evidence on behalf of the defense is to the effect, in substance, that the car was going at about eight miles per hour when it was 130 to 140 feet south of Sixty-third Court; that appellee started east across the south-bound

track just behind the car on that track, and so close to the north-bound car that the motorman, after he discovered that appellee was going across the track, did his utmost to stop his car—applied the brake instantly, but was unable to avoid the collision, and that the car, after striking the wagon, was stopped within fifteen to eighteen feet; also, that when the motorman first saw the horse come from behind the south-bound car, he was eighty to eighty-five feet from the horse, and that he rung his gong as he approached the south-bound car before he saw the horse. The evidence for appellee, as well as that for appellant, is to the effect that appellee was an experienced teamster and familiar with the streets of Chicago—knew the necessity of the exercise of care and prudence in driving upon or across railway tracks in front of approaching electric cars.

Appellant's counsel argue that because of appellee's experience, and, although he says he saw the car coming a block away, he undertook to get across the tracks before the car reached him, and when he saw the car did not stop or slack up, whipped his horse and hastened to get across, appellee was guilty of contributory negligence, and cite in support of the argument, among other cases, the recent one of Ry. Co. v. Peuser, 190 Ill. 67, in which it was held, in substance, that street railway corporations have the right of passage along their tracks superior to the right of one driving a vehicle on that portion of the street occupied by the tracks. We think that this case does not, nor do any of the cases cited by appellant sustain counsel's contention, in view of the evidence in this case. In the Peuser case the court held that railway companies did not have an exclusive right to that part of the streets occupied by their tracks, that the public was not deprived of the right to use all parts of the street in the ordinary manner, and that a citizen passing along a street in a vehicle must use ordinary care for his own safety—not obstruct the passage of the cars— and that it was his duty to leave the track whenever his presence thereon served to impede the passage of the cars; but the court further says in the same connection (p. 71),

that "a street railway company is charged with the knowledge that the public may lawfully use the entire street, and it must, in operating its cars on the streets, employ all reasonable means to avoid injuring those whom it knows may rightfully use that part of the street occupied by its tracks."

If the evidence of appellee is true, and that was a question for the jury, the appellee was not guilty of contributory negligence in starting across the north-bound tracks of appellant. Chicago City Ry. Co. v. Sandusky, 198 Ill. 400; Chicago G. Ry. Co. v. Carroll, 91 Ill. App. 356; affirmed, 189 Ill. 273; W. C. St. Ry. Co. v. Callow, 102 Ill. App. 323.

If the street car was a block away, and appellant's evidence shows the particular block in question was 361 feet and ten inches long, or even if it was 200 feet away, as one of appellee's witnesses testifies, appellee could not have told with any certainty the rate of speed at which the car was going, because he was directly in front of it; and certainly it was a question for the jury to say whether, under these circumstances, he exercised ordinary care in attempting to cross the tracks.

According to the appellee's evidence the car was at least 200 feet away when he started across the tracks, and there was nothing to obstruct the view of the motorman, who testifies that he was going at about the rate of eight miles per hour at Sixty-fourth street, and that after the car struck the wagon it only went from fifteen to eighteen feet. Two of appellee's witnesses testified that the car went much further after it struck the wagon; one says about 100 feet and the other about 150 feet. If their evidence is true, considering common experience as to the distance within which a street car going at the rate of eight miles per hour can be stopped, and the evidence of the motorman that he stopped the car within fifteen to eighteen feet after the wagon was struck, which would be from ninety-five to ninety-eight feet that the car went after the brake was put on, the jury might well have found that the car was going at a much higher rate of speed than the motorman testified. If he

was 200 feet away when appellee started to cross the tracks, there being nothing to obstruct his view, it was certainly a question of fact for the jury as to whether or not he was guilty of negligence in not having stopped sooner and thus have avoided the injury to appellee. Sandusky case, *supra;* Peuser case, *supra;* Chicago City Ry. Co. v. Tuohy, 95 Ill. App. 314–7; affirmed, 196 Ill. 414; R. R. Co. v. Smadraff, 189 Ill. 157.

Complaint is made that the court erred in allowing one of appellee's witnesses to answer the following question, viz.: "You may state whether the car was going fast or slow." The answer was, "Well, the car was going at a high rate of speed." The claim is that the question was leading and that the answer was misleading and should have but little weight. It was a matter within the discretion of the court, conceding that the question is leading, which we are not prepared to hold, to allow it, and we think that its allowance was no cause for a reversal. I. C. R. R. Co. v. Ashline, 171 Ill. 313; Crean v. Hourigan, 158 Ill. 301; R. R. Co. v. Dedloff, 92 Ill. App. 553.

In view of the other evidence as to the rate of speed and the distance the car ran after it struck the wagon, we think that the testimony that the car went at a high rate of speed was entirely proper for the jury to consider. The weight to be given this evidence was a question for the jury.

A further and final claim is made that the court erred in sustaining an objection of appellee's counsel to the following question asked appellee on his cross-examination, viz.: "You took your chances and failed. Didn't you?" We think there was no error in the ruling. The question had reference to the appellee's attempt to cross the railway tracks when he was injured. The witness, prior to this question, had quite fully testified to the circumstances attending the accident, among other things, that he saw the car before he undertook to cross the street, how far away it was, the kind of horse he was driving, what he did, how his horse moved, and that he thought he could get across before the car reached him. We think an

answer to the question could only have been a conclusion of the witness, and could have added nothing to the enlightenment of the jury.

Being of the opinion that the cause was properly submitted to the jury under evidence from which the jury might, without acting unreasonably, have found in favor of the appellee, and that there are no errors of procedure requiring a reversal, the judgment is affirmed.