## Chicago Union Traction Company v. Lars R. Jacobson.

### Gen. No. 11,568.

1. CONTRIBUTORY NEGLIGENCE—*what not, as a matter of law, in attempting to cross a street car track in front of a rapidly approaching car.* It is not contributory negligence, as a matter of law, for a person to attempt to cross a street car track in front of a rapidly approaching car where it appears that the person must be struck by the car unless it is stopped or slackened in speed.

2. CONTRIBUTORY NEGLIGENCE—*when instruction upon, erroneous.* An instruction upon this subject invades the province of the jury when it tells them that certain facts constitute negligence.

3. INSTRUCTION—*when, properly refused.* An instruction which is substantially embodied in other instructions given, is properly refused.

4. VERDICT—*when not excessive.* The verdict in this case (which was for $3,150) is not excessive, it appearing that prior to the injury the plaintiff was a strong able-bodied man, notwithstanding his infliction with varicose veins, that by reason of the accident he was severely injured in his back and has since been disabled from performing manual labor requiring the exercise of more than a very moderate amount of strength, and thus prevented from earning his livelihood.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the HON. EDWARD F. DUNNE, Judge, presiding.

Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed March 7, 1905.

**Statement by the Court.** This is an appeal from a judgment for personal injuries.

The evidence tends to show that about noon on November 18, 1901, appellee was driving a team attached to a flour wagon on West Twelfth street, near Albany avenue, in Chicago. Appellee had delivered some flour at a grocery store on the north side of Twelfth street near Albany avenue. After delivering the flour, appellee attempted to cross the street car track of appellant in front of the store. The rear wheel of his wagon was struck by a west-bound car of appellant, and appellee was thrown from the wagon and received the injuries complained of. The evidence is conflicting as to the speed of the car and as to whether the gong was sounded before the collision. Appellee in his testimony stated that when he started to cross appellant's track he looked back east and saw the car approaching, two hundred to three hundred feet away, and knew that it would probably strike his wagon unless it stopped, or its speed was slackened.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel.

HAYNIE R. PEARSON and SAMUEL W. JACKSON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellant relies for a reversal of the judgment upon three grounds: first, that the evidence does not sustain the verdict; second, the refusal of the court to give the third instruction requested by appellant; and third, that the damages awarded are excessive.

It is urged in support of the first ground that "to attempt to cross a street car track in front of a rapidly approaching car, where it appears that the person must be struck by the car, unless it is stopped or slackened in speed, constitutes contributory negligence as a matter of law."

We cannot assent to this proposition. It is too broadly stated. Whether an attempt to cross a public street in which there is a street car line, in front of a rapidly approaching car, is contributory negligence, is a question of fact for the jury under proper instructions. Under the evidence in this case, the question of contributory negligence was a question of fact. Appellee testified that when he started to cross the track, in order to turn east, the car was about a hundred feet east of Whipple street, the first street east of him crossing Twelfth street. He was then about two hundred feet west of Whipple street. Twelfth street, according to the testimony, was a very busy street and many people were getting on and off the cars. On such a street it was reasonable to suppose that appellant would have its cars under control; and if under control it could be stopped, according to the evidence, in from seventy-five to one hundred and twenty-five feet, depending upon the rate of speed the car was traveling. This question was submitted to the jury in instructions 26 and 27. It was determined against appellant. We cannot say as a matter of law, under the evidence in this record, that appellee was guilty of negligence in attempting to cross the tracks of appellant. As was said in West Chicago St. R. R. Co. v. Foster, 74 Ill. App. 419: "The street is a public highway; the right of all persons to cross it, as occasion may require, is no less now than it was before appellant's tracks were constructed, and any one desiring to cross it must, of necessity, exercise his judgment as to when he may do so safely. One might so attempt under such circumstances, admitted or uncontroverted, that reasonable minds could come to no other reasonable conclusion than that he was negligent in so doing, and therefore not legally entitled to recover for injuries occasioned by his own negligence; but in view of the evidence, this is not such a case."

Appellant was charged with the knowledge that the public, and appellee as a member of the public, had the right to use the entire street. In view of that right appellant was charged with the duty in operating its cars on

the street to employ all reasonable means to avoid injuring those whom it knows are rightfully using that part of the street occupied by its tracks. Chicago City Ry. Co. v. Benson, 108 Ill. App. 193. If the evidence offered on behalf of appellee was true, and that was a question for the jury, under the instructions of the court, appellee was not guilty of contributory negligence in turning across the track of appellant.

Counsel for appellant do not discuss the evidence bearing upon the question of the negligence of appellant in the management of the car. It is unnecessary for us to say more than that there is abundant evidence in the record tending to show that the car was not under control, and that if it had been under proper control appellee would not have been struck. The negligence of appellant was a question for the jury, and its conclusion is fully justified by the evidence.

Appellant requested, and the court refused the following instruction :

3. "The court instructs you that if you believe from the evidence in the case that before the plaintiff started to cross defendant's street car tracks, he saw the defendant's car coming from the east at a high rate of speed, and that he knew he could not cross the tracks without being struck by the car unless it should be stopped or slackened in speed, and so knowing he deliberately took the chances of getting across said tracks in safety, then as a matter of law he cannot recover in this case, and under such circumstances if shown by the evidence in the case you should find the defendant not guilty."

It was not error to refuse this instruction. It is misleading as applied to the undisputed facts of this case. It invades the province of the jury by telling them that certain facts constitute negligence on the part of appellee, when that was a question of fact for the jury. However that may be, the instruction was properly refused because the substance of it was embodied in instructions numbered 26 and 27. West C. St. R. R. Co. v. Lieserowitz, 197 Ill. 607; Henry v. People, 198 Ill. 162; Chicago City Ry. Co.

v. Fennimore, 199 Ill. 1; Whitney & S. Co. v. O'Rourke, 172 Ill. 177.

Upon a careful review of the evidence touching the question of damages, we are unable to say that the amount awarded by the jury is excessive.   It appears that appellee was  severely injured in his back, and that he is disabled substantially from doing any manual labor requiring the exertion of more than a very moderate amount of strength.   Before the injury. in question he was a strong, able-bodied  man, notwithstanding he had .varicose veins. Since the accident he has been unable to perform manual labor, or to earn a living because of his enfeebled condition.

The judgment of the Circuit Court is affirmed.

*Affirmed.*