DANIEL RICH, Plaintiff in Error, vs. CHRISTIAN NAFFZIGER
et al. Defendants in Error.

*Opinion filed February 25, 1911.*

1. TRESPASS—*anything tending to show character of defendant's
possession is competent.* In an action of trespass *quare clausum
fregit,* where the defendant relies upon adverse possession of the
strip of land in controversy, any evidence of the acts and declara-
tions of the parties which tends to show the character of the pos-
session of the defendant and his predecessor in title, as hostile and
adverse to the plaintiff or otherwise, is competent.

2. SAME—*commissioners' line established in a proceeding under
act for permanent surveys must be treated as the true line.* The
boundary line established by commissioners appointed in a pro-
ceeding, under the act of 1901, for the permanent survey of lands,
must be accepted as the true line in subsequent litigation between
the parties, but rights acquired under the Statute of Limitations
before the line was established are not affected thereby.

3. SAME—*defendant has burden of proving his defense of ad-
verse possession.* If the plaintiff in an action of trespass *quare
clausum fregit* proves a record title in himself to the land, includ-
ing the strip in controversy, the burden is upon the defendant to
establish his defense of twenty years' adverse possession of such
strip by a preponderance of the evidence, and the burden does not
rest upon the plaintiff to disprove the defendant's claim of ad-
verse possession.

4. INSTRUCTIONS—*when instruction in action of trespass quare
clausum fregit is erroneous.* In an action of trespass *quare clau-
sum fregit,* where the plaintiff proves record title to the land, in-
cluding the strip in controversy, and the defendant relies solely
upon the defense of adverse possession of such strip for twenty
years, it is reversible error to give an instruction which, after stat-
ing that the burden is upon the plaintiff to prove his ownership of
the land, informs the jury that if, "upon considering the evidence
upon this question, you find that the evidence is equally balanced
or that it preponderates in favor of the defendants, however slight,"
then upon this question your verdict should be for the defendants."

WRIT OF ERROR to the Circuit Court of Tazewell
county; the Hon. T. N. GREEN, Judge, presiding.

CHARLES A. WALTMIRE, and PRETTYMAN, VELDE &
PRETTYMAN, for plaintiff in error.

JESSE BLACK, JR., and WILLIAM A. POTTS, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an action *quare clausum fregit,* brought by plaintiff in error against defendants in error. The declaration charges that defendants, on the 5th of May, 1909, and at subsequent dates, with force and arms entered the close of plaintiff (describing the premises) and tore down, broke and removed certain posts, wire and fence of the plaintiff, and covered up, tore out and destroyed certain grass, clover and oats of plaintiff, laying the damages at $1000. Defendants pleaded not guilty, and a special plea averring that the premises upon which the alleged trespasses were committed were the close, soil and freehold of defendants, and no unnecessary damage was done in committing the alleged trespasses. The cause was tried by jury and a verdict returned in favor of defendants. Judgment was rendered on the verdict, and, a freehold being involved by the plea of *liberum tenementum,* the case is brought direct to this court by writ of error.

The litigation grows out of a dispute between the parties as to the correct location of the boundary line between their respective farms. Plaintiff owns the south-east quarter of section 5, township 25, north, range 2, west of the third principal meridian, in Tazewell county, and defendant Christian Naffziger owns the north half of the south-west quarter of said section. Plaintiff acquired title to his land by deed from his father. The deed is dated, acknowledged and recorded in 1885, but plaintiff testified it was not delivered to him until he had completed payment for the land, which was some time in the year 1890. For some time prior to defendant Christian Naffziger acquiring title to the north half of the south-west quarter the whole of that quarter section was owned by Christian Schwarzentraub. Schwarzentraub died in 1888, and at a sale of the north

half of the south-west quarter by the master in chancery of Tazewell county, in 1889, it was purchased by defendant Christian Naffziger. Prior to 1885 there had been a fence between the north half of the south-east quarter and the north half of the south-west quarter on a line known in this record as the "King line." This line does not appear to have been recognized as the true boundary line between said tracts, and in 1885 Schwarzentraub caused a survey to be made for the purpose of locating the true line. This was made by a surveyor by the name of Oswald, and the line run by him is called the "Oswald line." A fence was located on the Oswald line, and thereafter, until the commission of the alleged grievances in the declaration mentioned, the owner of the north half of the south-east quarter had possession of and cultivated the land up to the fence on the west, and the owner of the north half of the south-west quarter had possession of and cultivated the land up to the fence on the east. Plaintiff claims that the Oswald line was not the true line, and that it was considered by Schwarzentraub when he owned the land on the west side, and by himself, that that line was as much too far east as the King line was too far west. In August, 1907, plaintiff instituted a proceeding under the statute entitled "An act to provide for the permanent survey of lands," (Laws of 1901, p. 307,) for the purpose of establishing the true and permanent line between said tracts of land. A commission of surveyors appointed by the court located the line between the King line and the Oswald line. According to the line run by the commission of surveyors the Oswald line was fifteen feet east of the true line at the north end and nine feet east of the true line at the south end, and the alleged trespasses were committed on this narrow strip of land. An order was entered approving the survey made by the commissioners appointed by the court on March 6, 1909, and in April following, plaintiff removed the south forty rods of the fence and placed it on the line run by the commission

and sowed oats up to it on the east side. On the 22d of May defendants tore this fence down and placed the wire and posts back on the Oswald line and planted corn on the west side up to that line. On May 27, 1909, plaintiff re-built the fence on the line of the commission survey, and in July following, defendants again tore it down. Thereupon this suit was instituted.

In the view we take of this case the judgment must be reversed for error committed by the trial court in giving an instruction, and as the case will go back for another trial it is neither proper nor necessary for us to set out the evidence in detail or to express any opinion as to which side had the greater weight of testimony.

Plaintiff proved, beyond controversy, record title to the premises described in the declaration. The line run by the commission of surveyors must be accepted as the true line. That line showed that a strip of land fifteen feet wide at the north end and nine feet wide at the south end, off the west end of the north half of the south-east quarter, was in the enclosure and possession of defendants. They claimed title to it by virtue of the twenty year Statute of Limitations. Defendant in error Christian Naffziger had not owned the north half of the south-west quarter twenty years, but he had been in possession of the strip of land in controversy ever since he had owned it,—a period of between nineteen and twenty years. Schwarzentraub, who was Christian Naffziger's predecessor in title to said eighty acres, had been in possession of said strip from the time the Oswald line was run, in 1885, and a fence placed thereon, up to the time of his death and the sale to Naffziger.

Defendants in error contend that both the possession of Schwarzentraub and the possession of Christian Naffziger were hostile and adverse and together make a period of more than twenty years, and constitute a complete bar to the action and to any claim by plaintiff for possession of said strip of land. That said strip was in the possession

of Schwarzentraub and Naffziger from 1885 continuously down to the time plaintiff moved the fence on the commission survey line is proven beyond controversy. In fact, it is not denied. If such possession was hostile or adverse during all that period, then clearly plaintiff's right of action was barred. In *Zirngibl* v. *Calumet Dock Co.* 157 Ill. 430, it was said (p. 447): "The adverse possession which is required to constitute a bar to the assertion of a legal title by the owner of it must include these five elements: It must be (1) hostile or adverse; (2) actual; (3) visible, notorious and exclusive; (4) continuous; and (5) under a claim or color of title."

For the purpose of showing that the possession of Schwarzentraub and Naffziger was not hostile or adverse, plaintiff testified to certain statements made by Schwarzentraub in his lifetime, in which it is claimed he recognized that the Oswald line was not the true line but was as much too far east as the King line was too far west. Schwarzentraub had the Oswald survey made and paid for it himself. Plaintiff testified that Schwarzentraub recognized its incorrectness and requested him (plaintiff) to procure another survey to be made. Plaintiff also testified to certain conversations with defendants in which he stated the Oswald line was on his land, to which defendants replied, in substance, that he need not worry about the matter,—that they would do what was right. Defendants denied they had such conversations with plaintiff. As to whether, if Schwarzentraub and defendants did make the statements testified to by plaintiff, they were sufficient to take the case out of the Statute of Limitations we express no opinion. The proof was competent to be considered by the jury in determining whether the possession was adverse, and in determining this question all the facts and circumstances attending the possession and use of the land are proper to be considered. In *Faloon* v. *Simshauser,* 130 Ill. 649, it was said (p. 655): "It is not essential there should be proof of oral declara-

tions of claim of title made by appellees, but it is sufficient if it appears they so acted as to clearly indicate that they did claim title." The same rule was previously laid down in *James* v. *Indianapolis and St. Louis Railroad Co.* 91 Ill. 554. In *Daily* v. *Boudreau,* 231 Ill. 228, it was said (p. 232) : "It was not necessary that the defendant should have intended to take possession of and hold land that did not belong to him, but if he occupied the land up to the fence for twenty years claiming to own it, the Statute of Limitations was an effectual bar to plaintiff's action." As the plaintiff proved record title to the close in question it was incumbent upon the defendants to establish title in Christian Naffziger by adverse possession for twenty years.

The trial court gave at the request of the defendants instruction 14*a*, which is as follows:

"You are further instructed that one of the material allegations of the declaration is that the plaintiff was, at the time of the commencement of said suit, the owner of the close, soil and freehold in question, and the burden of proving such allegation is upon the plaintiff, and it is incumbent upon the plaintiff to prove such allegation by the greater weight of the evidence before you can lawfully find that said allegation is proved. If, upon considering the evidence upon this question, you find that the evidence is equally balanced or that it preponderates in favor of the defendants, however slight, then upon this question your verdict should be for the defendants."

To the giving of this instruction the plaintiff excepted. We think this instruction so erroneous as to require a reversal of the judgment. Plaintiff proved a record title to the premises described in the declaration, which included the narrow strip of land mentioned, according to the commission survey, which must be accepted as the true line. The establishment of that line, however, could not affect the rights of defendants if they had acquired title to the strip of land in controversy by virtue of the Statute of Limita-

tions. They did not seek to show that it was not a part of
the north half of the south-east quarter, but, as we have
stated, claimed title to it by virtue of adverse possession
of Christian Naffziger and Christian Schwarzentraub for
more than twenty years. Unless this claim was established
plaintiff would have been entitled to a verdict, and the bur-
den of proof was upon defendants to prove their claim by
a preponderance of the evidence. The controversy related
only to the narrow strip of land mentioned, off the west
end of the north half of the south-east quarter. The in-
struction told the jury that the plaintiff alleged in his dec-
laration that he was the owner of the close and soil in
question and that the burden of proving this allegation by
the greater weight of evidence was upon him, and if the
evidence was equally balanced or preponderated in favor of
defendants, then the verdict should be in their favor. The
jury would understand from this instruction that plaintiff
was required to prove, by a preponderance of the evidence,
in order to establish his ownership and title, that defendant
Christian Naffziger and his predecessor in title had not had
adverse possession of the premises for the period of twenty
years. By their plea defendants claimed title, and it was
incumbent upon them to establish that title to the strip of
land in controversy by the greater weight of testimony.
Plaintiff met the requirements of the law, under the allega-
tions of his declaration, when he proved record title to the
premises. He was not required to disprove the claim of
title of Christian Naffziger by adverse possession by a pre-
ponderance of the evidence.

Complaint is also made of the rulings of the trial court
in the admission of certain testimony in behalf of defend-
ants. It is possibly true that in certain respects a wider
latitude was allowed defendants than was strictly compe-
tent, but we do not deem that question of sufficient im-
portance to require its discussion in detail in this opinion.
It is sufficient to say that any evidence of the acts and dec-

larations of the parties which tends to show the character of the possession of Naffziger and Christian Schwarzentraub of the strip of land is competent and testimony that does not tend to do this is incompetent. We do not see how any real difficulty can arise on the trial of the case in determining what is competent and what is incompetent testimony.

For the error in giving the instruction referred to, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*