## Peter J. Stozky, Appellant, v. Edward Robe and Cornelia Robe, Appellees.

### Gen. No. 19,840.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 19, 1914.

### Statement of the Case.

Action on certain promissory notes, secured by a chattel mortgage and given for a shoe repairing shop, by Peter J. Stozky against Edward Robe and Cornelia

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Robe. The notes were so drawn that one of them fell due each month in succession. Three of the notes were paid and, on the defendants refusing to pay the remainder, judgment by confession was entered for $965. On motion of the defendants, leave was given them to plead and they filed joint pleas, alleging that the notes were obtained by fraud in that they were represented to be simple promissory notes and not judgment notes. The case was tried by a court and jury and a verdict was rendered in favor of the defendants. A motion for new trial was overruled, judgment was entered on the verdict and the plaintiff appealed.

RUDOLPH FRANKENSTEIN and H. P TUCHSCHERER, for appellant.

GEORGE W. WILBUR, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. INSTRUCTIONS, § 87*—*when instruction as to burden of proof is misleading.* An instruction in an action on promissory notes that the burden of proof was upon the plaintiff to establish the facts necessary to recovery, by a preponderance or greater weight of evidence, *held* misleading where the facts necessary to make out a prima facie case for the plaintiff were not disputed and the defendants relied on affirmative defenses, since the jury might conclude that the plaintiff was bound by law to establish the negative of the special defenses before he could recover.

2. FRAUD, § 21*—*what false representations constitute fraud.* The mere misrepresentation of a person as to the legal effect of the signing of notes does not constitute fraud at law and cannot be availed of as a defense to the notes.

3. JUDGMENT, § 66*—*what will warrant setting aside of judgment by confession.* The fact that a person was induced to sign judgment notes instead of simple promissory notes is not such fraud as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

will constitute a good defense, in an action where it is sought to set aside a judgment by confession, for if the amount of the judgment is owed it will not be set aside.