## Thomas J. Burns, Appellant, v. Wade Landrum et al., Appellees.

1. NEGOTIABLE INSTRUMENTS—*holders for value.* An indorsee of a negotiable note secured by a trust deed, who received it before maturity as collateral in the usual course of trade, is a holder for value and takes it free from latent defenses existing in favor of the maker.

2. NEGOTIABLE INSTRUMENTS—*holder of note as collateral security for smaller debt.* Indorsee of note as collateral security for a smaller debt due him from pledgor may collect entire sum due thereon, even though it is in excess of his demand.

3. NEGOTIABLE INSTRUMENTS—*defenses to note held by indorsee*

*as collateral.* If the maker of a note has a valid defense against the payee, a holder of the note as collateral for a smaller debt due from payee will only be allowed to recover the amount of the debt secured by the collateral, under Negotiable Instruments Act, sec. 27, Cahill's St. ch. 98, ¶ 47.

4. NEGOTIABLE INSTRUMENTS—*evidence of payments to payee in action by indorsee.* In action on note by indorsee, court erred in excluding evidence offered by defendants that they had made payment of part of the note to the payee, where there was an issue as to whether the note was held as a collateral for a smaller debt.

5. INSTRUCTIONS—*as to measure of proof.* Where a defendant is making an affirmative defense, the court should not instruct jury that plaintiff is required by law to prove his case by more evidence, better evidence or greater weight of testimony.

6. NEGOTIABLE INSTRUMENTS—*holder in due course.* If note was purchased and delivered before maturity but was not indorsed until after maturity, makers were entitled to credit for amount paid to the payee, under Cahill's St. ch. 98, ¶ 12.

Appeal by plaintiff from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1925. Reversed and remanded. Opinion filed August 5, 1925.

DAN McGLYNN, for appellant.

BEASLEY & ZULLEY, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellees borrowed $1,700 and executed their note therefor to Henry T. Renshaw, trustee, and the same was secured by a mortgage on real estate. The note was dated April 23, 1920, was due in three years from date and bore interest at 6 per cent. In 1924, appellant sued on the note and averred that it was indorsed to him by the payee for a valuable consideration before maturity. In addition to the general issue appellees filed two special pleas. The first averred that Renshaw was appellant's agent to receive payments on the note and that appellees paid him $500 on the principal on January 23, 1922. The second, that Renshaw delivered the note to plaintiff as collateral

security for $1,000 loaned by plaintiff to Renshaw. The court sustained a demurrer to the latter plea and appellees then filed an additional plea in which they averred that they had paid $500 to Renshaw on the principal; that appellant received the note as collateral security for a certain note of $1,000 and that by reason of the premises appellant was only entitled to recover $1,000 and interest. Issues were joined and the trial resulted in a verdict and judgment for $1,260.56.

An indorsee of a negotiable note secured by a trust deed, who receives such note before maturity as collateral in the usual course of trade, is a holder for value and takes it free from latent defenses existing in favor of the maker. *Zollman v. Jackson Trust & Savings Bank,* 238 Ill. 290; *Elgin Nat. Bank v. Goecke,* 295 Ill. 403. If he holds the note as collateral security for a smaller debt due him from the pledgor he may collect the entire sum due thereon, even though it is in excess of his demand. It matters not to the maker how the pledgor and pledgee shall afterwards settle. *Tooke v. Newman,* 75 Ill. 215; *Henderson v. Davisson,* 157 Ill. 379. But if the maker has a valid defense to the residue of the note the holder will only be allowed to recover the amount of the debt secured by the collateral. Daniels, Neg. Inst., ¶ 832; *Saylor v. Daniels,* 37 Ill. 331; *Germania Life Ins. Co. v. Koehler,* 59 Ill. App. 592-595; *Gammon v. Huse,* 9 Ill. App. 557-563. Those rules are not in any way affected by section 27 of the Negotiable Instruments Act. [Cahill's St. ch. 98, ¶ 47.] To give that statute the effect contended for by appellees would enable the maker of a note to escape liability for a large part thereof, even though he has no legal defense, simply because the holder has taken the note as collateral security for a smaller debt.

In the case at bar, if the judgment were allowed to stand, appellees would be relieved from liability for $700 and interest when they only claim to have paid $500, and the court has held that there was no proper

proof as to that payment. The statute was never intended to work such an injustice.

When appellees filed their additional plea they evidently understood that the mere fact that appellant held the note as collateral for a $1,000 note would not relieve them from liability for any part of the note sued on. This is apparent because they averred they had paid Renshaw $500 on the principal, thereby attempting and intending to show that they had a defense to the residue of the note over and above the amount for which it was held as collateral security.

Appellees proved, over objection, that on January 28, 1922, they paid $500 on the note to Mr. Renshaw. That evidence was afterwards excluded on motion of appellant presumably on the ground that appellees failed to prove that Renshaw was the agent of appellant to receive payment. The evidence should not have been excluded. It was competent in case the jury should find that appellant held the note as collateral, but in that event appellant would have been entitled to recover $1,200 and interest.

With that evidence excluded appellees had no defense to any part of the note even though it were conceded that the note was held as collateral security. But there was a conflict in the evidence as to whether appellant had purchased the note or simply held it as collateral. By their additional plea appellees undertook to establish the fact that it was held as collateral and that they had a defense to the residue. The court excluded their evidence as to the defense of part payment. In that state of the record appellant was entitled to recover the full amount of the note. But the court instructed the jury, on behalf of appellees, that if they believed from the evidence that the note was delivered to appellant as collateral security for a $1,000 note he was not entitled to recover more than that amount and interest. Even if the court had not excluded the evidence as to the payment of $500, appellant would have been entitled to recover $1,200 and

interest.   Those instructions were clearly erroneous.

The court also instructed the jury that appellant was required by law to prove his case by mere evidence, better evidence or greater weight of testimony before he could recover.   Such an instruction should not be given where a defendant is making an affirmative defense because the jury may conclude that the plaintiff was bound to establish the negative of the special defense before he could recover.   *Rich v. Naffziger,* 248 Ill. 455; *Stozky v. Robe,* 189 Ill. App. 540; *Cutler v. Pardridge,* 182 Ill. App. 350.

Because of the fact that there must be a new trial we have refrained from expressing an opinion upon the merits.   If appellant holds the note as collateral for the $1,000 note and interest and appellees paid $500 to Renshaw they should be allowed to show that fact even though Renshaw was not appellant's agent.   In such case appellant would be entitled to recover $1,200 and interest.   If appellant purchased the note for value and the same was indorsed and delivered to him before maturity he would be entitled to recover the full amount.   But if he purchased it and it was delivered to him before maturity but was not indorsed until after maturity, appellees would be entitled to credit for the $500 paid to Renshaw.   Callaghan's Ill. St. Ann. ch. 98, ¶ 12.   Upon a retrial these questions should be submitted to the jury under proper instructions.   The judgment is reversed and the cause remanded.

*Reversed and remanded.*