## J. B. Margolies Grocery Company, Appellant, v. I. L. Kopman et al., Appellees.

1. NEGOTIABLE INSTRUMENTS—*placing burden of proof on one suing on note as reversible error.* After plaintiff had made a prima facie case by introducing the note sued on and defendants had advanced the affirmative defense that the note was without consideration, an instruction that the burden was upon the plaintiff to establish its case by the greater weight of evidence is so erroneous as to warrant reversal.

2. INSTRUCTIONS—*how erroneous instruction directing verdict cannot be cured.* The giving of an erroneous and prejudicial instruction which directs a verdict cannot be cured by giving other instructions which correctly state the law.

3.  NEGOTIABLE INSTRUMENTS—*where burden of proving defense, that note was without consideration, lies.*  The trial court should instruct that an affirmative defense to an action on a note, that it was without consideration, places the burden of proving that defense upon the defendant.

4.  INSTRUCTIONS—*what matters in issue should be included in instruction directing verdict.*  An instruction is erroneous which directs a verdict and does not include all the matters in issue which should be considered by the jury before they would be entitled to return a verdict for one party or the other.

Appeal by plaintiff from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1927. Reversed and remanded. Opinion filed May 14, 1927.

J. J. BULLINGTON and FELSEN & KANE, for appellant.

LOUIS P. ZERWECK, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

Judgment by confession was entered in the city court of East St. Louis at the September, 1926, term thereof, for the sum of $3,309.73, in favor of appellant and against appellees. Shortly thereafter, appellees entered a motion, supported by affidavits, to vacate said judgment and for leave to plead. This motion was allowed. Thereupon, appellees filed a plea of the general issue and a special plea, setting forth that there was no consideration for the execution of the note on which judgment was taken. To said special plea a replication was filed, traversing the allegations thereof. A trial by jury was had, and a verdict was returned finding the issues for the defendants. Thereupon, judgment was rendered against appellant, in bar of action and for costs. To reverse said judgment, this appeal is prosecuted.

The undisputed evidence in the record discloses that in the early part of 1924 appellee S. W. Kopman and his brother M. R. Kopman were engaged in the gasoline and oil business in East St. Louis, and in con-

nection therewith had a storage house at 1300 Walnut Street and a filling station at 3800 State Street, and had leases on a filling station on Fifth Street, one in Madison and one in Venice. Appellee I. L. Kopman is the father and Ida Kopman is the mother of said S. W. Kopman and M. R. Kopman.

In the late summer or early fall of 1924, J. B. Margolies and S. A. Prywitch, officers in appellant grocery company, entered into an agreement with S. W. and M. R. Kopman, in and by which they were to become half owners in said gasoline and oil business. Margolies and Prywitch were to pay into said company so to be formed the sum of $5,000, and were to be equal partners with the Kopmans in said business, while the Kopmans were to have the active control and management thereof. Shortly after the formation of said partnership, there was a sharp drop in the price of gasoline, and some rather severe losses were sustained by said partnership. As to what occurred thereafter, the evidence is conflicting.

The evidence on the part of appellant is to the effect that an agreement was entered into between Margolies and Prywitch with the Kopmans, to the effect that Margolies and Prywitch would withdraw from said business, upon the Kopmans reimbursing them for the amount of money which they had paid into or expended in said business; that the Kopmans did not have the funds with which to make a cash payment, but executed their note, with I. L. Kopman joining them, in the sum of $4,800, dated October 1, 1924, due 15 months after date, payable to the order of J. B. Margolies and S. A. Prywitch, and secured by a chattel mortgage on the property in question. Thereafter some question was raised by the Kopmans as to whether or not Margolies and Prywitch had paid in the sum of $4,800, and the books and accounts were gone over, and after Margolies and Prywitch allowed certain credits, the Kopmans paid $750 to Margolies

and Prywitch, and gave them the note here involved, being for $3,309.73, dated December 19, 1925, and signed by "Perfect Motor Fuel Co.," S. W. Kopman, M. R. Kopman, I. L. Kopman and Ida A. Kopman, and the note for $4,800 was canceled or delivered up. That, in consideration of the making of said notes, Margolies and Prywitch withdrew from said firm and turned over the business and the assets thereof to the Kopmans.

On the other hand, appellees, while conceding that Margolies and Prywitch had paid into said business practically $4,800, and while admitting the making of said $4,800 note and the accounting thereafter to ascertain how much in fact had been paid by said Margolies and Prywitch, and admitting that certain credits were allowed them and that they paid $750 in cash to Margolies and Prywitch and executed the note here involved as above stated—yet they deny that in so doing they were buying out the interests of Margolies and Prywitch in said business. Appellees insist that they executed said notes at the request of Margolies and Prywitch, in order to show how much had been paid into said business by Margolies and Prywitch for the purpose of its operation. The testimony of appellees is to the effect that the gasoline and oil were received in carload lots, and as the cars came in, they would procure the money from Margolies to cash the draft accompanying the bills of lading, and that in so furnishing said funds, Margolies had advanced practically $4,800.

S. W. Kopman testified in reference to the transaction involved at the time of giving the note sued on: "We settled it and he (Margolies) told me to give him a new note and new mortgage for the balance that I owed him to be paid in two years after the date of the mortgage. That was done. Neither he nor anyone for the J. B. Margolies Grocery Company paid any money for the note, or for the original note. I paid off the original note and reached the balance."

The principal ground relied on by counsel for appellant for a reversal of said judgment is the ruling of the court on the instructions. It is seriously contended that appellee's first given instruction was erroneous, and was of such prejudicial character as to require a reversal of said cause. Said instruction is as follows:

"The Court instructs the jury that the burden rests on the plaintiff to prove its case by a greater weight of the evidence, and unless the plaintiff has proven its case as charged in its declaration by a greater weight of the evidence in the case, you should find for the defendant. If, after a fair and impartial consideration of all the evidence in the case, you do not believe that the plaintiff has established its case as charged in its declaration by a greater weight of the evidence, or if you believe that the evidence in the case is evenly balanced, then you should find the issue for the defendants."

Counsel for appellees in their brief state: "The issues in the case * * * consisted simply of the one question, whether or not the note was given in return or as evidence for the money paid into the partnership by Margolies and Prywitch, or whether it was given in settlement of their partnership accounts."

This being the issue, and the evidence being sharply conflicting, it was important that the instructions given by the court to the jury should correctly state the law governing the same.

The introduction of the note sued on made the case of the appellant, and, unless some affirmative defense was established, would warrant a verdict in its favor. Appellees admitted the execution of said note on the trial, but insisted that no recovery should be had against them, for the alleged reason that the giving of said note was without consideration. This was an affirmative defense, and raised the only issue in the case. We are therefore of the opinion and hold that

the court erred in giving this instruction. *Rich v. Naffziger,* 248 Ill. 455; *Cutler v. Pardridge,* 182 Ill. App. 350–353.

*Rich v. Naffziger, supra,* was an action *quare clausum fregit.* The plaintiff had made out a record title in himself, and the defendants were claiming said premises under a plea setting up the 20-Year Statute of Limitations. The trial court, at the request of the defendants, gave the following instruction:

"You are further instructed that one of the material allegations of the declaration is that the plaintiff was, at the time of the commencement of said suit, the owner of the close, soil and freehold in question, and the burden of proving such allegation is upon the plaintiff, and it is incumbent upon the plaintiff to prove such allegation by the greater weight of the evidence before you can lawfully find that said allegation is proved. If, upon considering the evidence upon this question, you find that the evidence is equally balanced or that it preponderates in favor of the defendants, however slight, then upon this question your verdict should be for the defendants."

Discussing the propriety of the giving of said instruction, the court at page 461 said:

"The jury would understand from this instruction that plaintiff was required to prove, by a preponderance of the evidence, in order to establish his ownership and title, that defendant Christian Naffziger and his predecessor in title had not had adverse possession of the premises for the period of twenty years. By their plea defendants claimed title, and it was incumbent upon them to establish that title to the strip of land in controversy by the greater weight of testimony. Plaintiff met the requirements of the law, under the allegations of his declaration, when he proved record title to the premises. He was not required to disprove the claim of title of Christian Naffziger by adverse possession by a preponderance of the evidence."

The court held the giving of said instruction "so erroneous as to require a reversal of the judgment."

In *Cutler. v. Pardridge, supra,* the court at page 352 in discussing a like question says:

"Plaintiff's case consisted of proof of the individual transactions engaged in at defendant's request. Defendant did not deny that they took place, or that the plaintiff was his authorized agent. He relied upon affirmative defenses, and the burden of proving them unquestionably rested upon him. *Pelouze v. Slaughter,* 241 Ill. 215; *Richelieu Hotel Co. v. Military Encampment Co.,* 140 Ill. 248; *Cothran v. Ellis,* 125 Ill. 496; *Clews v. Jamieson,* 182 U. S. 461. The case, therefore, as tried and submitted to the jury, presented no contention as to plaintiff's case, whether the transactions he relied on took place and were authorized, but simply whether defendant had established his affirmative defenses, or either of them, that such transactions were invalid and closed out in violation of a contract for credit."

Counsel for appellees practically concede that said instruction should not have been given, but insist that, inasmuch as two instructions were given on behalf of appellant which correctly stated the law on this issue, the giving of those instructions corrected the error in the giving of the instruction in question. The instruction complained of, given on behalf of appellees, directed a verdict. That being true, and the instruction being erroneous and of a prejudicial character, it would not be cured by other instructions correctly stating the law. *American Strawboard Co. v. Chicago & A. R. Co.,* 177 Ill. 513–523; *Illinois Iron & Metal Co. v. Weber,* 196 Ill. 526–531; *Cromer v. Borders Coal Co.,* 246 Ill. 451–457; *Cantwell v. Harding,* 249 Ill. 354–358; *Lindberg v. Chicago City Ry. Co.,* 83 Ill. App. 433–435; *Cutler v. Pardridge, supra.*

It is also contended by appellant that the court erred in giving Instructions 2, 3, 4 and 5, given on behalf of appellees.

It is contended that Instruction 2 is erroneous in failing to require the defense of no consideration to be proven by a preponderance of the evidence. While this objection is not serious, we think the instruction should be so modified.

We have examined Instructions 3 and 4, and are of the opinion that they state correct principles of law, and the court did not err in giving the same.

Instruction 5 directs a verdict. It is insisted by counsel for appellant that it is erroneous in not including all the matters in issue which should be considered by the jury before they would be entitled to return a verdict for one party or the other. We hold this point is well taken, and that the court erred in giving this instruction, for the reasons stated.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*