Cyrus P. Bradley, Appellant, *v.* Michael Geiselman, Appellee.

### APPEAL FROM KANE.

A party who has taken the deposition of a witness, has a right to read it in evidence, although the witness may be present at the trial. If the opposite party chooses, he may examine the witness.

This was an action brought by Michael Geiselman in the Cook county Court of Common Pleas, against Bradley, for an alleged trespass in seizing certain personal property.

The plaintiff claimed the property in the declaration mentioned by a sale made to him by Elisha W. King and Henry A. Layton, doing business under the firm of H. A. Layton & Co. The defendant pleaded the general issue, with notices.

The case was taken by change of venue to Kane county. At May term, 1855, of the Kane Circuit Court the cause was tried before I. G. Wilson, Judge, and a jury. The facts connected with the point decided, are stated in the opinion.

Williams and Woodbridge, for Appellant.

B. C. Cooke and A. M. Herrington, for Appellee.

Skinner, J. The plaintiff below having closed his evidence, the defendant offered to read to the jury the deposition of one White taken by him in the cause. The plaintiff then produced the witness in person, objected to the reading of his deposition, and the court sustained the objection. The defendant had the

right, under the statute, to take the deposition to be read in evidence on the trial, and the question is, did the production of the witness, by the opposite party, deprive him of the right to use the depositions? Parties are supposed to go to trial relying upon such legal evidence as they show themselves ready to produce. This deposition was a part of the defendant's evidence, and material to his defence. To compel a party to abandon his depositions and resort anew to the witnesses, produced by his adversary, perhaps for the occasion, would encourage tampering with them, produce surprise and afford undue advantage. The defendant had a right to rely upon his evidence, as it stood, to use it in the form taken, and could not, by the act of the plaintiff, be driven to the necessity of attempting to impeach his own witness by proof of contrary testimony, given by him in his deposition. Nor would it be consistent with justice, to allow the plaintiff, by producing the witness and compelling the defendant to put him on the stand as his witness, the advantage practically resulting from the cross-examination of eliciting testimony in chief. If the plaintiff desired to examine the witness, on his part, either in chief or upon the matters to which he had testified in his deposition, he was at liberty to do so, but he could not prevent the defendant from using the evidence upon which he had a right to rely, and went to trial. *Phenix* v. *Baldwin*, 14 Wend. 62.

Judgment reversed and cause remanded.

*Judgment reversed.*