# THE BOARD OF TRUSTEES OF THE ILLINOIS AND MICHIGAN CANAL

### *v.*

## GEORGE W. ADLER.

1. WITNESS—*examination of one whose deposition has been taken.* Anciently, when a witness had given his deposition, neither party was permitted to again examine him, by deposition or otherwise. But the rule has been modified, so that, when the deposition of a witness has been read to the jury, the opposite party may call him as his own witness.

2. But where a deposition has been regularly taken, the opposite party having the right to attend and cross-examine the witness, such party, on failing to exercise that right, cannot be permitted afterwards to cross-examine the witness as the witness of the party who took the deposition. By failing to attend at the taking of the deposition the adverse party waives his right to a cross-examination.

3. ILLINOIS AND MICHIGAN CANAL—*who may be sued for negligence in respect thereto.* Where an injury results from a neglect to keep the Illinois and Michigan Canal in repair, an action therefor is given against the State Canal Trustee, but it will not lie against the Board of Trustees.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action brought in the court below, by George W. Adler, against The Board of Trustees of the Illinois and Michigan Canal, to recover damages alleged to have resulted from a collision of the plaintiff's canal boat with a sunken wreck in the canal. A trial was had and a judgment in favor of the plaintiff. The defendant thereupon took this appeal. The questions arising upon the assignment of errors are presented in the opinion of the court.

Mr. GEORGE C. CAMPBELL, Mr. H. W. BLODGETT, Mr. J. O. GLOVER and Mr. ISAAC N. ARNOLD, for the appellants.

Messrs. RAE & PROUDFOOT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In October, 1865, the canal boat Gibraltar, with a cargo of corn, was being transported over the Illinois and Michigan Canal, and when near Lockport, about eleven o'clock at night, it ran against the Crotty, another canal boat which had sunk at that point. There were no lights nor was there any person on the sunken boat to give warning of the danger, and the night was dark. The owners of the sunken boat were at the time engaged in raising it, and for the purpose had a lighter alongside of the wreck, upon which they had placed a light as a signal. It does not appear that there was any negligence on the part of those navigating the Gibraltar when the collision occurred and the boat was sunk.

It is first objected, that the court below erred in not permitting appellants to place two of appellee's witnesses, whose depositions had been read, on the stand, and to cross-examine them. We are aware of no case which sanctions such practice. Anciently, when a witness had given his deposition, neither party was permitted to again examine him, by deposition or otherwise. But the rule has been modified, and when his deposition has been read to the jury, the opposite party may call him as his own witness. *Frink* v. *Potter*, 17 Ill. 406, and *Bradley* v. *Geiselman*, ib. 571. But where a deposition has been regularly taken, the opposite party has the right to attend and cross-examine, and failing to do so, he should not be permitted to cross-examine him as the witness of the other party. If he desires his evidence he should introduce him as his own witness, and afford the other party an opportunity of cross-examination. Having failed to attend and cross-examine the witness when his deposition was taken he waived the right to such examination. The court below

committed no error in refusing to permit the cross-examination of these witnesses.

We now come to the question upon which the case turns, and that is, whether appellants, under the law creating them a board of trustees, are liable to be sued for the injury appellee has sustained by this collision. Are they a body corporate and politic, with power to sue and be sued? If they fail to discharge their duty, and injury results therefrom, may a recovery be had against them? In the case of these appellants against Daft, 48 Ill. 96, it was held that an action could not be maintained against them for a neglect to keep the canal in repair, and from which an injury has resulted; that by the act of 1847, (Scates' Comp. 936, sec. 1,) the action is given against the State Canal Trustee. As the question is fully discussed in that case we deem it unnecessary to again discuss it at this time. That case is in point and must govern this. As this disposes of the case so effectually that another trial can not be had against these appellants, we deem it unnecessary to discuss the question whether the facts disclosed by the evidence would create any liability, even if the action could be maintained.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*