## Michael Clarkson v. Henry Kerber et al.

1. LETTERS—*To Debtors, Inadmissible in Evidence.*—Where a merchant reduced his statement of what had occurred between him and his debtor to writing and voluntarily sent it to him by mail, and then, upon a trial of a suit between them, offered the statement in evidence to sustain his contention, *held*, that its admission in evidence over the objection of the defendant was reversible error.

**Assumpsit,** for goods sold, etc. Trial in the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Verdict and judgment for plaintiffs; error by defendant. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed October 20, 1899. Rehearing denied.

FARSON & GREENFIELD, attorneys for plaintiff in error.

W. A. SHERIDAN, attorney for defendants in error.

MR. JUSTICE HORTON delivered the opinion of the court.

This suit was commenced by defendants in error to recover from plaintiff in error the value of cut stone used in the construction of a building erected at the corner of Calumet avenue and Twenty-sixth street, Chicago. That defendants in error furnished such stone is not denied. The controlling question of fact is whether plaintiff in error,

for himself, ordered or purchased such cut stone. The declaration contains the common counts only, for goods sold and delivered, etc. As to whether plaintiff in error ordered the cut stone, is a close question under the evidence, which is very conflicting, we might say absolutely irreconcilable. It was therefore especially important that no testimony as to this contested question of fact should be admitted which should not have been admitted under the rules of law applicable thereto.

One Frank Johnson was the contractor for the erection of said building, and gave a bond in the penal sum of $60,000, conditioned upon the completion of his contract within a specified time. Plaintiff in error signed said bond as surety.

In May, 1890, the order for said stone was placed with defendants in error by somebody. Under that order they furnished the stone. If plaintiff in error placed the order, he is liable to defendants in error for the stone they furnished under it. It is not claimed that plaintiff in error is liable therefor upon any other theory. Two years after said order was placed with defendants in error, they wrote and posted the following letter, viz.:

"May 26, 1892.

Mr. M. CLARKSON, 4409 Wabash Avenue.

DEAR SIR: I have called at your office a number of times to see you in regard to the bill you owe us for work and material furnished building southeast corner Twenty-sixth street and Calumet avenue, but have not been able to find you. The last time I saw you on the street you said matters would be settled soon, and in any event you would come and see us, but so far you have failed to keep your word. We see by the papers you have sold your lease of the property on which this building was constructed and we now want to know when we can expect a settlement. We consider that we have been very lenient in the matter so far, but must now insist that you close the matter up at once. We will expect to hear from you in a reasonable time in reply to the above.

We remain, yours respectfully,

HENRY KERBER & SONS."

That letter was offered and admitted in evidence against the objection of plaintiff in error. As stated, it was about

two years after the order for stone was placed. It was not written in reply to any letter from plaintiff in error. No reply thereto was made by plaintiff in error. It does not appear that there was ever any correspondence between these parties. This letter stands alone. It is in effect a statement by the writer that plaintiff in error is indebted to defendants in error for work and material furnished by them, and a recitation by the writer of his version of what had theretofore occurred in relation to such alleged indebtedness.

A party can not make evidence for himself in that way. It amounts simply to this: Defendants in error reduced to writing their statement of what had occurred and sent it to plaintiff in error, and then upon the trial offered that statement in evidence to sustain their contention. It can not be urged that there was any necessity for admitting the letter in evidence. The writer was still living. Indeed, he was upon the witness stand when the letter was offered in evidence. That it must have had an effect upon the jury and was offered for that purpose, may be inferred from the argument of counsel for defendants in error in this court. In their printed argument filed here, they say:

"There is no pretense that this letter created a liability, but it is plain to be inferred therefrom that the writer considered that one already existed, and that he wished it settled. That Clarkson received the letter can not be doubted after reading his counsel's argument concerning its admissibility, and the presumption is that he did. If Clarkson had no contract with Kerber, why did he not answer the letter? Naturally a person so plainly charged with liability as is Clarkson in this letter, would deny it, and that promptly, if it did not exist. He does not deny receiving it, and does not claim to have answered it, and the fair inference is, that what was written was true and Clarkson knew it to be so."

As stated above, the testimony was close, conflicting and irreconcilable. This letter, when offered in evidence, would go to the jury, and could be, by them, taken to their room when they retired to consider their verdict. This court may assume that, after said letter had been admitted in evidence over the objection of plaintiff in error, in the presence of

the jury, counsel for defendants in error argued to the jury as they do to this court, that from this letter "the fair inference is that what was written was true, and Clarkson (plaintiff in error) knew it to be so."

Counsel for plaintiff in error cite but one authority upon this question, viz., Cheney v. Roodhouse, 135 Ill. 257, 268. It is there stated that "the letter written by appellee himself, and narrative of past transactions, was not competent testimony against the ward or his present guardian." We do not find in the report of that case any copy of the letter referred to, or any further statement in regard to it. Neither is there any further information as to that in the report of the case in the Appellate Court. (32 Ill. App. 49.) The sentence quoted seems to be applicable in the case at bar.

Counsel for defendants in error cites no authority whatever upon this point, either an adjudicated case or a text writer. Neither does he refer to the question except to say this: "Neither does Sexton v. Brown, 135 Ill., pages 257 to 268, warrant the conclusion sought to be drawn therefrom by plaintiff in error." (There is no case in the 135th Ill., entitled Sexton v. Brown.)

The objection of plaintiff in error to the admission of said letter in evidence should have been sustained.

The contention of counsel for plaintiff in error that the judgment of the Circuit Court should be reversed because of the death of one of the plaintiffs below prior to the entry of judgment in their favor, can not be sustained, under the facts in this case. The rule is otherwise when judgment is entered against a deceased party.

The judgment of the Circuit Court is reversed and the cause remanded.