THE GEORGE J. COOKE COMPANY, Defendant in Error, *vs.* THE FRED MILLER BREWING COMPANY, Plaintiff in Error.

*Opinion filed February 17, 1925.*

1. EVIDENCE—*when self-serving declaration in form of an explanatory letter is not admissible.* Letters which amount to self-serving declarations may be competent to rebut evidence of a contrary attitude of the writer where such is offered by the adversary, but a letter written by the vendor explaining why it is evident the quality of its goods is up to standard is not admissible in a suit by the vendor for breach of a contract of sale where the defendant has introduced no communications claiming the contrary and the letter is not necessary as rebuttal or to explain the contract.

2. SAME—*what does not make self-serving communication competent.* A party seeking to introduce a self-serving communication cannot make such communication competent by the introduction of self-serving statements of his adversary or other communications which are unnecessary in the case.

3. SAME—*general rule as to when declaration is res gestæ.* To be a part of the *res gestæ,* a declaration, whether verbal or written, must affect the act which is the subject of inquiry and explain, illustrate, qualify, limit or characterize it, and if it is merely

a narrative, history or part of the history of a past affair it is not a part of the *res gestæ*.

4. SAME—*what determines whether evidence is admissible as res gestæ.* The test of the admissibility of evidence as a part of the *res gestæ* is whether the act, declaration or exclamation is so intimately interwoven or connected with the principal fact or event which it characterizes as to be regarded as a part of the transaction itself and whether it clearly negatives any premeditation or purpose to manufacture testimony.

5. CONTRACTS—*self-serving statements in regard to performance of contract are not competent.* Correspondence between the parties to a disputed contract is competent where it indicates the construction placed upon the contract by the parties themselves, but self-serving statements that the party making them is performing his contract, where that matter and not the construction of the conract is in dispute, are incompetent.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

WINSTON, STRAWN & SHAW, (EDWARD W. EVERETT, and GEORGE T. EVANS, of counsel,) for plaintiff in error.

BROWN, BROWN & BROWN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error secured a judgment in the superior court of Cook county against plaintiff in error arising out of a contract dated June 12, 1919, for the sale of 1500 barrels of beer at $14 per barrel, to be taken by plaintiff in error from time to time, up to and including June 30, 1919. Plaintiff in error accepted all but 742½ barrels of the beer, which it declined to accept and for which it refused payment. The price of the 742½ barrels of beer, after deducting government taxes, amounted to $6444. On hearing before a jury a verdict was rendered against plaintiff in error for the sum of $6374, and after a motion for new trial was denied judgment was entered on the verdict.

The judgment was affirmed by the Appellate Court for the First District, and the cause comes here on *certiorari*.

The contract was in the form of a letter dated June 10, 1919, confirming conversations with representatives of plaintiff in error, setting out the price of the beer per barrel, also specifying that plaintiff in error was to furnish the necessary cooperage, and that the entire amount of beer was to be taken out before July 1, 1919, payments to be made weekly. This letter was accepted in writing on the 12th of June, 1919, by Emil P. Miller, president of plaintiff in error. It appears that before the agreement was made twenty-five sample barrels of beer were delivered to plaintiff in error as representing the quality of the 1500 barrels. Plaintiff in error furnished the necessary barrels for delivery of the beer to it and delivered them at defendant in error's brewery to be filled. Defendant in error agreed to wash and clean the barrels. Plaintiff in error's teams took the filled barrels accepted and delivered them to its customers. After receiving 757½ barrels plaintiff in error refused to accept the balance on the ground that the beer was not merchantable. On the trial six witnesses testified for defendant in error and nine for plaintiff in error concerning the quality of the beer. The evidence upon this point was sharply contradictory, but the Appellate Court having affirmed the judgment and found that the verdict of the jury was justified by the evidence, that question is not open here.

The chief assignment of error occurring on the trial is that a letter of defendant in error to plaintiff in error introduced in evidence by the former was incompetent because a self-serving declaration. This letter was dated June 23, 1919, and is as follows: "In reply to yours of the 20th inst., the beer we are selling you is the same beer we sold you from the very beginning. In fact, it is all from last November, as we have not brewed any kind of beer since that time. Your men complained because it was not sweet

enough, and you in your previous letter informed us it was flat. Any flatness was due to bad cooperage and not to the fault of the beer itself, and the character of our beer we cannot change. When your Mr. Smith was here he tasted the beer, and your company took out twenty-five barrels to try it before signing the contract. It was the same beer then as it is now and there is nothing we can do about it. However, if there is any method your brew-master could suggest to sweeten the beer we are filling into your cooperage we will gladly follow his instructions for your beer, but we could not do this to the beer we are delivering to our trade, who, we assure you, are thoroughly satisfied, we having received no complaints whatever."

It is contended by defendant in error that this letter was competent evidence in answer to and explanation of plaintiff in error's letter of June 20, which is as follows: "We visited some of our Chicago trade again yesterday who have received Cooke's beer recently, because complaints came stronger than before about bad beer. We had three men call at different places, and the report they are making about the beer is very discouraging. We have notified you before that your beer is not merchantable, and we herewith serve notice that we cannot continue using your goods unless the quality of your beer becomes salable. We did not stop at one or two investigations. We have sufficient evidence of our claim."

It is also claimed that the letter objected to was in explanation of the following letter and telegrams sent by plaintiff in error: Plaintiff in error's letter of June 24: "Owing to the fact that your beer is not merchantable our customers do not dispose of the quantity they ordinarily would. The cooperage is not at fault." Plaintiff in error's telegram of June 25: "Our trade refuses to take any more of your product by reason of same not being merchantable. Please make other disposition of what is left

316—4

before July 1." And plaintiff in error's telegram of June 26: "Will prove to you product not merchantable, so you better dispose of balance." The record shows all of these exhibits were introduced in evidence by defendant in error, and so far as the record shows, no letters or telegrams were sought to be introduced by plaintiff in error.

The general rule is that a party cannot by self-serving declarations make evidence for himself concerning his dealings with the other party or the liability of such other party, and such self-serving declarations are incompetent. They may become competent to rebut evidence of a contrary attitude of the writer where such is offered by the adversary. Letters such as complained of here are simply self-serving statements and are generally inadmissible. *City of Chicago* v. *McKechney*, 205 Ill. 372; *Bank* v. *Delafield*, 126 N. Y. 410; *Fearing* v. *Kimball*, 4 Allen, 125; *Hammond* v. *Beeson*, 112 Mo. 190.

We are unable to agree with the contention of counsel for defendant in error that the letter of June 23 was necessarily admissible in answer to letters received by it from plaintiff in error. In order that a self-serving statement be admissible there must be some basis for its introduction, and such basis is not afforded by the introduction on the part of the one seeking the advantage of such self-serving communication, of a letter from the other party containing a self-serving statement in his own interest. It is claimed that this letter was in answer to plaintiff in error's letter of June 20. There appears to have been no necessity for the introduction by defendant in error of plaintiff in error's letter of June 20, as it was simply a notification that unless the quality of the goods became salable plaintiff in error would refuse to accept further delivery. Such notice was testified to by defendant in error's president. Parties to a lawsuit cannot make their self-serving communications competent by the introduction of other communications unnecessary to their case.

Defendant in error urges that the letter of June 23 was properly admissible as a part of the *res gestæ.* To be a part of the *res gestæ,* a declaration, whether verbal or written, must affect the act which is the subject of inquiry and explain, illustrate, qualify, limit or characterize it, and must not be narrative of a past transaction.   If it is merely a history or part of the history of a past affair it is not a part of the *res gestæ.*   (*McMahon* v. *Chicago City Railway Co.* 239 Ill. 334; *City of Chicago* v. *McKechney, supra.*)   The test of the admissibility of evidence as a part of the *res gestæ* is whether the act, declaration or exclamation is so intimately interwoven or connected with the principal fact or event which it characterizes as to be regarded as a part of the transaction itself, and also whether it clearly negatives any premeditation or purpose to manufacture testimony.   (*Lander* v. *People,* 104 Ill. 248.)   Correspondence between the parties to a contract is competent where it indicates the construction placed upon a disputed contract by the parties themselves.   Such a case is not here presented.   The construction of the contract is neither doubted nor open to doubt.   Self-serving statements that the party making them is performing his contract, where that matter and not the construction of the contract is in dispute, are incompetent.   The evidence concerning the quality of the beer was sharply contradictory and the record is close on that point.   It was therefore prejudicial error to admit the letter complained of.

Other errors are complained of but are such as not likely to arise on a re-trial of this cause and do not require consideration here.

For the error in the admission of evidence the judgment is reversed and the cause remanded to the superior court.

*Reversed and remanded.*