Leroy E. Anderson and Lillie C. Anderson, Appellees, v. W. B. Mitchell, Appellant.

Gen. No. 33,305.

510

Opinion filed June 26, 1929.

PEDEN, KAHN & MURPHY, for appellant; GERALD RYAN, of counsel.

SCHNACKENBERG & HANSEN, for appellees; ELMER J. SCHNACKENBERG, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Plaintiffs, Leroy E. Anderson and Lillie C. Anderson, were the owners of a certain piece of property at 10550 Avenue M., Chicago, Illinois, together with a two-story frame building located upon the premises. The defendant Mitchell was a contractor, engaged in erecting a two-story brick building on the adjoining premises. On the evening of November 17, 1926, between the hours of five and six o'clock, the north wall of the building which was being erected by the defendant collapsed and part of it fell into the yard of the plaintiffs, breaking windows in the building belonging to the plaintiffs and doing considerable damage. The cause was tried before a jury, resulting in a verdict in favor of the plaintiffs in the sum of $591.60, and judgment was entered upon the verdict, from which judgment an appeal has been perfected to this court.

Upon the hearing plaintiffs introduced in evidence, and it was admitted over objection, a certain itemized statement of damage sustained and the loss incurred by reason thereof. This statement was dated March 28, 1927, four months after the accident, and addressed to the defendant. In support of this document, Leroy E. Anderson testified that he discussed the disputed question between himself and the defendant, for nearly a year, and that defendant stated that he would fix

up the building and that, thereupon, he went to the office of the defendant and presented him with the document. He testified that the defendant told him to estimate his damages and that he did so and presented it and was referred by the defendant to his lawyer. The defendant admitted that the plaintiffs had brought the document to him, but had no vouchers with it; that he never admitted liability, and told plaintiffs to take the bill to his lawyer.

It is urged as a ground for reversal that the admission of this document in evidence was prejudicial error, particularly in that it appears from the verdict that, after allowing for an item of $8.40, for wallpaper which was contained in the estimate, the verdict was for the exact amount of the difference between that item and the bill for $600, admitted in evidence. It is a fact that the item for wallpaper was practically eliminated from the consideration of the jury and there is considerable force in the contention that the jury arrived at its verdict from the written statement of the plaintiffs, admitted in evidence. We are of the opinion that the trial court erred in admitting this document. If it was for the purpose of negotiating a compromise settlement and in arbitration of the disputed question between the parties, it was not competent; and, if, on the other hand, the parties were not negotiating for the purpose of a settlement, it was a self-serving document and its admissibility was prejudicial error.

The plaintiffs, at the time of the trial, were alive and fully capable of testifying to the facts. The proper way to prove the damage was by witnesses capable and competent to testify concerning that question, and subject to proper cross-examination. Testimony was introduced on behalf of the plaintiffs as to the damages sustained, but this did not cure the error relied upon.

It is insisted on behalf of counsel for the plaintiffs, that the defendant should have objected to the state-

ment at the time and that his failure to do so constituted an admission of the correctness of the statement, but with this we do not agree. By referring plaintiffs to his lawyer, it may as well be said that it was an invitation to the plaintiffs to proceed with a lawsuit. It has been held that where oral statements have been made in regard to a claim due by one party to another, that a failure to deny such oral statements may be taken as an admission, but this is only true under certain circumstances and is not equally applicable to written statements.

The court in the case of *Clarkson v. Kerber,* 84 Ill. App. 658, in its opinion says:

"That letter was offered and admitted in evidence against the objection of plaintiff in error. As stated, it was about two years after the order for stone was placed. It was not written in reply to any letter from plaintiff in error. No reply thereto was made by plaintiff in error. It does not appear that there was ever any correspondence between these parties. This letter stands alone. It is in effect a statement by the writer that plaintiff in error is indebted to defendants in error for work and material furnished by them, and a recitation by the writer of his version of what had theretofore occurred in relation to such alleged indebtedness.

"A party cannot make evidence for himself in that way. It amounts simply to this: Defendants in error reduced to writing their statement of what had occurred and sent it to plaintiff in error, and then upon the trial offered that statement in evidence to sustain their contention. It cannot be urged that there was any necessity for admitting the letter in evidence. The writer was still living. Indeed, he was upon the witness stand when the letter was offered in evidence."

To the same effect see *City of Chicago v. McKechney,* 205 Ill. **372;** *Cooke Co. v. Miller Brewing Co.,* 316 Ill. 46.

The jury was permitted to take this document to its juryroom and had before it plaintiffs' figures as to the extent of the damage. Consequently, the jury was, no doubt, largely influenced by its contents in arriving at its verdict.

Instruction No. 1, given on behalf of the plaintiffs, told the jury, in effect, that if they believed from the evidence that the defendant was in control and management of the building in the course of construction, at the time it collapsed, "then the plaintiffs have made out a prima facie case against the defendant and this places upon the defendant the burden of rebutting that presumption by proving that the collapse would not have been prevented by the exercise of ordinary care, consistent with the practical construction of said building."

The cause was tried upon the theory that the falling of the wall raised a presumption of negligence and brought the case within the rule of *res ipsa loquitur,* and we believe correctly so. Under the rule in such cases, however, after the facts have been established showing an accident under such circumstances as to raise a presumption of negligence on the part of the defendant, the plaintiff has made out a prima facie case and it becomes the duty of the defendant to overcome that prima facie case and the presumption of negligence. The defendant is not required, however, under such circumstances to prove as charged in the instruction in question that the accident could not have been prevented by the use of ordinary care. The burden is still upon the plaintiff, with a presumption in his favor sufficient to take his case to the jury, but the defendant may overcome this presumption by proof merely sufficient to rebut the inference that he had not used such due care. *Garner v. Chicago Consol. Traction Co.,* 150 Ill. App. 149.

We are referred by counsel for plaintiffs to the case of *Union Traction Co. v. Newmiller*, 215 Ill. 383, where a similar instruction was given and approved. In that case, however, as in all carrier cases, there was a contractual relation between the parties, as well as a well-recognized rule of public policy. Carriers are held to the highest degree of care consistent with the practicable operation of the road and where an accident happens by reason of instrumentalities within its control, it is evident that the carrier alone would be able to explain the cause of an accident arising, by reason of which a passenger was injured. No such contractual relation exists in the case at bar and we see no reason for extending the rule in such cases. The giving of the instruction in question was error.

The action of the court in admitting the statement in evidence and in giving the instruction in question constituted such error as in our opinion requires a new trial, and, for that reason, the judgment of the municipal court is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

RYNER and HOLDOM, JJ., concur.