Adolf Koban, Plaintiff-Appellee, v. Gordon Supply Company, Defendant-Appellant.

Gen. No. 33,065.

Opinion filed June 26. 1929.

Lee W. Carrier, for appellant.

No appearance for appellee.

MR. JUSTICE RYNER delivered the opinion of the court.

The plaintiff instituted suit in the city court of Chicago Heights to recover the price of goods, wares and merchandise sold and delivered to the defendant. A jury trial was waived. The court found in favor of the plaintiff and gave him a judgment for $774.05. The defendant appealed.

Upon the trial of the case, the parties stipulated that, if the plaintiff assumed and became liable for the accounts of the Great Lakes Iron & Metal Company, he was indebted to the defendant in the sum of $273.29 but that, if he was not liable for these accounts, the defendant was indebted to him in the sum of $774.05.

It appeared from the evidence that in July, 1926, the plaintiff and the Great Lakes Iron & Metal Company moved into an office which they occupied in common. About this time, or shortly before, the company ceased doing business, leaving outstanding unpaid obligations considerable in amount. Morris Getz was the controlling factor in the company. Just what his official position was is not disclosed. He entered the employment of the plaintiff as did also the bookkeeper and another employee of the company. All of the files of the company were taken over by the plaintiff.

The plaintiff testified that the Great Lakes Iron & Metal Company owed him $4,000 and that Getz had a collateral note for $50,000 in the Public State Bank. He also said that he had discharged all of the obligations of the Great Lakes Iron & Metal Company except the debt due to the defendant and that he expected to be paid the $4,000 due him and to be reimbursed for all moneys paid out on account of the company out of "this $50,000.00 note that was held by the Public State Bank which note was secured by collateral put up by

the Goldsmith people, payable monthly." It is not clear from the evidence whether the note was the property of Getz or the Great Lakes Iron & Metal Company.

On cross-examination counsel for the defendant asked the plaintiff if he ever told Ben Gordon, vice-president of the defendant company, that he (the plaintiff) would assume all of the obligations of the Great Lakes Iron & Metal Company. A general objection was made and sustained. Counsel then put Gordon on the witness stand and offered to prove by his testimony that the plaintiff, some time in the month of July, 1926, said he would pay the debt of the Great Lakes Iron & Metal Company to the defendant and that he further said, "charge the Great Lakes account to me." The court again sustained a general objection, and indicated that his ruling was based upon the fact that the alleged agreement was not in writing. Counsel then, having laid the foundation for the introduction of secondary evidence, offered in evidence a copy of a letter from the defendant to the plaintiff dated July 31, 1926, which reads as follows:

"Mr. Adolf Koban,
440 S. Dearborn St.,
Chicago, Ill.
Gentlemen:

This letter is to confirm a personal conversation our Mr. Ben Gordon had with your Mr. Adolf Koban and Mr. M. A. Getz when you were at our yard a few days ago, which was that your Mr. Adolf Koban said to our Mr. Benj. Gordon that any money or account the Great Lakes Iron & Metal Co. owes the Gordon Supply Co. is to be charged to Adolf Koban and he will pay for same. Any scrap iron now on hand belonging to the Great Lakes Iron & Metal Co. is to be invoiced to Adolf Koban in the usual way and as was told and instructed by Mr. Adolf Koban that our future transactions should continue on the same ledger account of the Great Lakes Iron & Metal Co. with the

exception that we should change the name to Adolf Koban and continue the same as before. We shall also immediately mail you a statement of the account (of the Great Lakes Iron & Metal Co.) as of July 1, 1926. If the above is not accordance with our conversation we shall expect an answer by return mail, otherwise we shall consider this above confirmed.

Your very truly,<br>Gordon Supply Co.<br>Benj. Gordon''

Objection was made that the letter was of a self-serving character. The trial judge sustained the objection without stating the basis of his ruling.

Proof was also offered to show that about September 20, 1926, Gordon presented to the plaintiff a statement showing a balance due from the plaintiff to the defendant of $273.29, and that the statement was checked over and approved by the plaintiff's bookkeeper. The court sustained an objection to the offer.

The plaintiff has filed no brief and we therefore assume that the brief and abstract of the defendant fully and correctly state the facts.

The trial court was apparently under the impression that the alleged conversation between Gordon and the plaintiff, if proved, would establish a transaction violative of the statute of frauds. We think otherwise and that the court erred in excluding evidence of the conversation. If it was as counsel for the defendant offered to prove it to be, it showed, not a promise to answer for the debt of another, but an assumption of the debt and an original agreement to pay it. The test in determining whether a promise is original or collateral is whether the party sought to be charged was to be liable at all events or only in case the other party failed to pay. *Illinois Surety Co. v. Munro,* 209 Ill. App. 407.

The trial court properly executed the testimony offered for the purpose of showing that the plaintiff's

bookkeeper had approved a statement showing a balance due from the plaintiff of $273.29. There was no proof, or offer to prove, that he had authority to bind the plaintiff.

The letter of July 31, 1926, was, likewise, properly excluded. It was clearly of a self-serving nature and therefore inadmissible.

In the case of *Clarkson v. Kerber*, 84 Ill. App. 658, one of the parties wrote a letter to the other reciting a conversation between them at a previous date. As in the instant case, there was no reply to the letter. The reviewing court reversed the trial court solely on account of the error in admitting the letter in evidence. The court, among other things, said:

"A party can not make evidence for himself in that way. It amounts simply to this: Defendants in error reduced to writing their statement of what had occurred and sent it to plaintiff in error, and then upon the trial offered that statement in evidence to sustain their contention. It can not be urged that there was any necessity for admitting the letter in evidence. The writer was still living. Indeed, he was upon the witness stand when the letter was offered in evidence."

This case was cited with approval by the Supreme Court of this State in the case of *City of Chicago v. McKechney*, 205 Ill. 372. The latter case was cited and the rule announced followed in the case of *Cooke Co. v. Miller Brewing Co.*, 316 Ill. 46, the court saying:

"The general rule is that a party cannot by self-serving declarations make evidence for himself concerning his dealings with the other party or the liability of such other party, and such self-serving declarations are incompetent. They may become competent to rebut evidence of a contrary attitude of the writer where such is offered by the adversary. Letters such as complained of here are simply self-serving statements and are generally inadmissible. *City of Chicago v. McKechney*, 205 Ill. 372; *Bank v. Delafield*,

126 N. Y. 410; *Fearing v. Kimball,* 4 Allen, 125; *Hammond v. Beeson,* 112 Mo. 190."

The court also held· that a self-serving letter was not admissible as a part of the *res gestae* where it constituted but a narrative of a past transaction.

Because of the error of the trial court in refusing to admit evidence of the alleged conversation in question, the judgment of the city court of Chicago Heights is reversed and the cause remanded.

*Reversed and remanded.*

WILSON, P. J., and HOLDOM, J., concur.