Home Life Insurance Company, Appellant, v. Charles H. Franklin, Appellee.

Gen. No. 40,744.

Heard in the first division of this court for the first district at the June term, 1939. Opinion filed January 22, 1940. Rehearing denied February 5, 1940.

BURKE, JACKSON & BURKE, of Chicago, for appellant; EDMUND W. BURKE and RICHARD G. FINN, both of Chicago, of counsel.

LAMBERT KASPERS, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

In an action to recover rent, interest and attorneys' fees under written lease, upon trial by jury there was a verdict for defendant with judgment. The defenses interposed were that at the time of the leasing the heating plant was known by plaintiff to be defective and that this was concealed from defendant; further, that an oral release, followed by surrender of the premises, had been given.

On trial the lease was introduced with prima facie proof of the amount due. The lease appears to have been executed on July 25, 1936, demised a two-story brick residence and garage at 445 Green Bay road in Glencoe for use as a private residence, for rent of $125 per month, payable in advance at the offices of Quinlan and Tyson, Inc. in Evanston. The lease was for a term of two years beginning October 1, 1936. Defendant went into possession and paid rent until May 1, 1937. He moved and refused to make further payments.

It was stipulated that plaintiff had been the owner of the premises since December, 1932; that Quinlan and Tyson, Inc. was plaintiff's agent, and that Mr. Gibson, an employee of the agent, was authorized to deal with defendant.

John T. Henry, a former tenant, occupied the premises from April 19, 1933 to March, 1934. While such tenant he informed plaintiff that the heating plant was defective. Plaintiff investigated and found the complaints of Henry justified. As a consequence, a new oil burner was installed about April 30, 1934, and a new combustion chamber was installed also and the plant scientifically tested. It is stipulated three other tenants occupied the premises prior to the lease made to defendant. No one of these tenants at any time complained of any defect in the heating plant.

Defendant caused the deposition of Henry to be taken and on the trial offered it in evidence. It purported to describe the imperfect manner in which the

heating plant functioned during Henry's tenancy. Plaintiff objected unless the conditions as described by the witness were connected up with the condition of the premises at the time of the lease, namely, July 25, 1936. Defendant promised to connect it up but did not do so. Plaintiff made a motion to strike this evidence, which was denied. This was reversible error. *Willson v. Logan,* 139 Ill. 204; *Rotche v. Buick Motor Co.,* 358 Ill. 507; *Merchants' Loan & Trust Co. v. Boucher,* 115 Ill. App. 101; *Swift & Co. v. Rennard,* 119 Ill. App. 173; *Streeter v. Humrichouse,* 261 Ill. App. 556.

Plaintiff caused the depositions of defendant and Mrs. Franklin to be taken under rule 135a of the municipal court, providing for discovery upon oral interrogatories. Plaintiff did not file the depositions in court. Defendant obtained a rule upon plaintiff to do so. At the trial Mr. and Mrs. Franklin were both present and testified. Plaintiff did not offer these depositions in evidence. Defendant offered them and they were received over plaintiff's objection not only to the depositions as a whole but as to specific answers to particular questions. All objections were overruled, the court holding plaintiff might not object to any question or answer unless objection was made thereto upon the taking of the deposition. Rule 135a of the municipal court is found in Part XI, entitled "Discovery by Deposition and Interrogatories." The rule is in four paragraphs. The first provides the deposition may be taken in the manner provided by law for taking chancery depositions; paragraph three, that the party taking the deposition on demand of the opposing party shall cause it to be filed; paragraph four, that the party taking the deposition without justification shall pay the costs. The use which may be made of such depositions is authorized by rule 149, which provides that any party may use in evidence any one or more of the answers or any part of an answer of any other party or person "to interrogatories propounded by

him,'' as provided by rules 131 and 135a, without putting in the others or the whole of such answer. Plaintiff argues it was improper to permit the whole deposition to be put in evidence by defendant while defendant himself and Mrs. Franklin were present and testified on the trial that the effect of this was to permit the testimony of defendant and Mrs. Franklin to be given twice to the jury. These rules of the municipal court are intended (substantially) to perform the same functions as Supreme Court Rules 17, 18 and 19, adopted in conformity with section 58 of the Civil Practice Act (Smith-Hurd Ill. Ann. Stats., ch. 110, par. 182, p. 502, sec. 259.19 [Jones Ill. Stats. Ann. 104.058, 105.19]; Revised Rules of the Municipal Court, p. 108). The general rule is that depositions are taken *de bene esse,* subject to the contingency of the witness not being able to attend the trial. R. C. L., vol. 8, p. 1136. Many cases, none of which are in Illinois, so hold. *Cote v. Sears, Roebuck & Co.,* 86 N. H. 238, 166 Atl. 279; *Dailey v. Lexington & E. R. Co.,* 180 Ky. 668, 203 S. W. 569; *Schmitz v. St. Louis I. M. & S. Ry. Co.,* 119 Mo. 256, 24 S. W. 472; *Beem v. Farrell,* 135 Iowa 670, 113 N. W. 509; *Nauts v. Stahl,* 128 Ohio St. (*Nisi Prius*) 115. These decisions seem to be based upon the theory that the depositions are only secondary evidence. There are Illinois decisions which seem to hold, however, that depositions are original evidence. *Frink v. Potter,* 17 Ill. 406; *Bradley v. Geiselman,* 17 Ill. 571; *Illinois & Mich. Canal v. Adler,* 49 Ill. 311; *Kristel v. Michigan Cent. R. Co.,* 213 Ill. App. 518; and section 34 of the Evidence Act (Smith-Hurd Ill. Ann. Stats., ch. 51, p. 831 [Jones Ill. Stats. Ann. 107.099]) would seem to sustain this view. It has, however, been suggested that the Supreme Court might possibly hold that section 34 of the Evidence Act applies only to the taking of depositions for discovery and not to their use at the trial. Ill. Law Rev., vol. 28, 1933–34, p. 184. These depositions were

taken pursuant to rules of the municipal court. In
*Ptacek v. Coleman,* 364 Ill. 618, the Supreme Court
held that the municipal court of Chicago under sec-
tions 19 and 20 of the Municipal Court Act has power
to make its own rules, and that those prescribed under
the Civil Practice Act are not applicable except when
adopted by the municipal court. While the depositions
were filed in court and could be used for proper pur-
poses, such as impeachment, or possibly admissions,
we think it was not proper practice to permit the
defendant to introduce and read the whole of them to
the jury and at the same time testify orally. In using
these depositions defendant was not attempting to put
in evidence the ''answer of any other party.'' He was
offering his own answers. He was not putting in an-
swers to interrogatories propounded ''by him'' but
interrogatories propounded by the opposite party.
Such practice, if adopted, would make the taking of
the evidence of the opposite party upon oral inter-
rogatories prior to the trial and for purposes of dis-
covery extremely hazardous. We are disposed to hold
the court erred in this ruling also.

Defendant offered in evidence and the court, over
objection of plaintiff, received a series of letters writ-
ten by defendant concerning the matters in contro-
versy between them. The letters were not part of a
mutual correspondence and contained many self-serv-
ing declarations. The first of these letters was written
on October 5, 1936, and the last after defendant had
moved out of the property and this controversy be-
tween the parties was under way. In a letter dated
April 15, 1937, defendant said in part:

''Our position is that it is not possible to live in the
house when the furnace is on, that the house should
not have been rented to us in the condition it was and
is now in, and finally *we* could not conscientiously rent
the house in its present condition to anyone else. The
responsibility for renting the house without making

the necessary changes in the heating plant must rest on the landlord and the renting agents. We refuse to accept any responsibility for what may happen nor for rent after May 1, 1937, and as stated before will not sublease the house. In conclusion, it was our understanding that the Home Life Insurance Company had left the matter entirely in your hands to do as you pleased under all the circumstances. As you know, we have been inconvenienced and have suffered enough in health last winter until we were really driven out of the house. The effect of the oil fumes is apparently cumulative and without we had left when we did the results might have been very serious. If you had put in a new furnace and done any other necessary things in connection therewith, we would have gladly stayed in the house.

"If you insist upon your present position, we shall have to place the matter in the hands of a lawyer to defend our just interests." This letter was purely self-serving and inadmissible. Of the many cases which might be cited are *City of Chicago v. McKechney,* 205 Ill. 372; *George J. Cooke Co. v. Fred Miller Brewing Co.,* 316 Ill. 46; *Schwarzschild & Sulzberger Co. v. Pfaelzer,* 133 Ill. App. 346; *Illinois Tuberculosis Ass'n v. Springfield Marine Bank,* 282 Ill. App. 14. In the *Schwarzschild* case Judge BAKER said that there was no just distinction between oral conversation and written correspondence in this respect; that the question of whether certain letters were, admissible in favor of plaintiff turned upon the question whether such letter was helpful or necessary to the understanding of the answer thereto. If it was helpful or necessary or useful in ascertaining or completing the sense of the answer, then it was admissible, but if not, it was inadmissible. These letters, the record indicates, were admitted without even undertaking to ascertain the contents of them, and their admission must be held to be reversible error.

Plaintiff also contends the court erred in instructing the jury that as a matter of law the burden of proof was on the plaintiff to prove his case by a preponderance of the evidence, etc. The instruction directed a verdict and plaintiff says since the only defenses offered by defendant were affirmative in their nature this was erroneous, citing *Rich v. Naffziger,* 248 Ill. 455; *Cutler v. Pardridge,* 182 Ill. App. 350; *Burns v. Landrum,* 238 Ill. App. 191. However, rule 171 of the municipal court provides that objections to the instructions must be made before the jury retires and the objector must specifically point out wherein the part objected to is erroneous and must indicate clearly the correction desired to be made. No such objection was made to this instruction and in view of the rule of court the instruction cannot now be urged here. *Greenburg v. S. D. Childs & Co.,* 242 Ill. 110; *Zeman v. North American Union,* 263 Ill. 304; *Illinois Tuberculosis Ass'n v. Springfield Marine Bank,* 282 Ill. App. 14; *Zorger v. Prudential Ins. Co. of America,* 282 Ill. App. 444.

It appears from the foregoing that this judgment must be reversed. Plaintiff, however, contends as a matter of law that it is entitled on this record to judgment in this court for the amount of its claim. It says in the first place there was no evidence from which the jury could reasonably find for defendant on the issue as to whether there was fraud on the part of plaintiff in concealing from defendant alleged defects in the heating plant. It argues that in leasing the premises the rule of *caveat emptor* was strictly applicable, citing the general rule as stated in the American English Encyclopedia, 2d Ed., vol. 18, p. 613, *et seq.* and Illinois cases following that rule. *Russell v. Clark,* 173 Ill. App. 461; *Cromwell v. Allen,* 151 Ill. App. 404; *Lazarus & Cohen v. Parmly,* 113 Ill. App. 624; *Carpenter v. Stone,* 112 Ill. App. 155; *Soibel v. Oconto Co.,* 299 Ill. App. 518. The written lease is

under seal and recites that the lessee has examined and knows the condition of the premises and has received them in good condition except as specified and there are no specifications. By the terms of the lease the lessee agrees to keep the premises in repair. Mr. Franklin testified that he read this clause of the lease before he signed it and knew what it meant. He also said that no representations were made as to the condition of the heating equipment by plaintiff or its agents. He said, ''They took me down and showed it to me, and I suppose we had some chatter, and I assumed it was all right. . . . I don't remember any specific conversation or any representations about the heating equipment.'' Clearly there is no proof of fraudulent concealment, and there is an absence of evidence tending to show plaintiff or its agents had any reason to believe the heating equipment was defective at the time the lease was executed. Defendant says, however, that the jury could reasonably find in its favor on the theory that the actual condition of the heating plant amounted to constructive eviction. He says that the theory of *caveat emptor* is not applicable and that *Gibbons v. Hoefcld,* 299 Ill. 455; *Kinsey v. Zimmerman,* 329 Ill. 75; *Automobile Supply Co. v. Scene-In-Action Corp.,* 340 Ill. 196, have in effect overruled prior cases holding the rule of *caveat emptor* applicable. *Scudder v. Marsh,* 224 Ill. App. 355; *Allmon v. Davis,* 248 Ill. App. 350, are also relied on. All these cases follow the rule stated in *Gibbons v. Hoefeld,* a case where the plaintiff landlord demised premises for use in carrying on a retail clothing business, the lessee covenanting the lessor would have the right to enter in to make repairs and alterations as stipulated in the lease, and that the lessee could not make repairs without the lessor's written consent. At the time the lease was executed the building was in process of construction. Before it was ready for occupancy water began to come into the basement to an

extent which made it impossible to carry on the business for which the premises were demised. Defendant lessee refused to go into possession. Whereupon, the lessor promised to repair and put the walls in a satisfactory condition and make them watertight. Relying on this promise defendant took possession and paid rent. The lessor did not make the walls watertight. The water came in to such an extent that the lessee was compelled to remove from the premises. The court held this amounted to constructive eviction and that the lessor could not collect rent. In *Automobile Supply Co. v. Scene-In-Action Corp.*, the lessor covenanted to furnish heat, which he failed to do. There is no covenant of that kind in this lease. In *Scudder v. Marsh* the evidence showed the lessor knew the premises had a defective furnace, and the lessee did not and could not know of the defect. What the lessor knew in that case the lessor here did not know. It had every reason to believe the heating plant was adequate. In *Allmon v. Davis* the demise was of a two-apartment building in Chicago. The lessor covenanted to repair and remodel the building and exterminate rodents. The lease provided the premises were to be used as a dwelling. The evidence showed it was impossible at any time to get water for the use of the occupants either for drinking or bathing. Following the case of *Gibbons v. Hoefeld* and these other cases, we held this amounted to a constructive eviction. All these cases are distinguishable. As a matter of fact, this defendant occupied the premises during the winter and moved out only upon the coming of the milder season of the year. Three prior tenants, after the premises had been repaired, occupied the building without complaint. We must hold as a matter of law there was no fraud and no constructive eviction. The lessor by this lease did not covenant or agree to furnish heat.

There remains, however, the second question as to whether the jury could on the facts find that plaintiff

released defendant from the obligations of the lease upon his surrender of the premises. As to this plaintiff contends that as the lease was under seal it could not be released by parol agreement except by another agreement based on a valuable consideration and the cases cited so hold. It is equally well settled that such a lease may be discharged or released by parol agreement for a valuable consideration and that the surrender of the premises may be such a consideration. Plaintiff questions the authority of Quinlan & Tyson to release defendant and accept the surrender of the premises. It cites *Scanlan v. Hoerth,* 151 Ill. App. 582, where the evidence showed the agent had only authority to collect. Here the agents were not only agents to collect but also to manage the property. It is stipulated their employee, Gibson, was duly authorized to act in their behalf during defendant's occupancy. Moreover, plaintiff wrote defendant: ''We must rely on our managing agents when we are so far removed from the scene of action.'' We think the jury could reasonably find that there was sufficient authority. *Northern Ill. Coal Corp. v. Cryder,* 361 Ill. 274; *McNeill v. Harrison & Son, Inc.,* 286 Ill. App. 120.

As the case must be tried another time we shall not discuss the weight of the evidence as to whether there was an agreement to release defendant from his obligations under the lease. Both Mr. and Mrs. Franklin testified positively to such an agreement which is denied by witnesses for plaintiff.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR and McSURELY, JJ., concur.