52 Ill. App.2d 457 (1964)
202 N.E.2d 136
Robert J. Kirkpatrick, Plaintiff-Appellee,
v.
United Federation of Postal Clerk's Benefit Association, Defendant-Appellant.
Gen. No. 64-52.
Illinois Appellate Court  Fifth District.
October 21, 1964.
Rehearing denied November 16, 1964.
*458 Craig & Craig, of Mt. Vernon (Glenn E. Moore, of counsel), for appellant.
Elmer Jenkins, of Benton, for appellee.
REYNOLDS, J.
This is a suit for the full amount of a benefit certificate issued by the defendant to the plaintiff, on the ground that the plaintiff had become permanently disabled and was entitled under the benefit certificate to the full amount of the disability payments provided for in the certificate, namely $4,000. *459 The matter was tried before a jury and the jury rendered a verdict for the plaintiff in the amount of $4,000. Judgment was entered on the verdict and the defendant appeals.
No questions on the pleadings are raised by the appeal. The defendant contends that the plaintiff failed to make application for permanent disability benefits within the time required by the benefit certificate, that all conditions of the benefit certificate were not met by the plaintiff; that the plaintiff had failed to prove he was permanently disabled within the meaning of the agreement, and that improper evidence was admitted by the trial court.
If improper evidence of a character that would warrant reversal was admitted at the trial, it is immaterial in the disposition of this appeal whether the conditions of the benefit certificate were met or complied with. For that reason, this court will first discuss the claim of the admission of improper evidence on the part of the plaintiff.
Samuel Berst, a witness for the plaintiff, testified that he was a postal clerk of 20 years standing and had worked with the plaintiff off and on for about 12 years. That his work occasionally put him in contact with the plaintiff. From 1956 to 1960, he was president of the Carbondale Branch of the defendant benefit association. As such president, he approved claims of the plaintiff for disability. He went to the home of the plaintiff and made a separate investigation on each claim of the plaintiff. This witness was asked the following questions and made the following answers:
"Q. Now, then, Mr. Berst, did you subsequently make an investigation to determine whether or not Robert J. Kirkpatrick was permanently and totally disabled from his duties as postal clerk?
"A. I did.
*460 "Q. What was the results of your investigation, Mr. Berst?
"A. His retirement was from the complete disability due to his accident, June 1955."
The defendant objected to the questions, but the objection was overruled.
Edwin Bowers, postal transportation clerk, testified that he succeeded Mr. Berst as President of the Carbondale Branch of the defendant benefit association. He testified as such president he made an investigation of the disability claim of the plaintiff. This witness was asked the following question and made the following answer:
"Q. And what did your investigation determine, sir?
"A. That the plaintiff is disabled."
The defendant objected to this question, and moved to strike the answer but the court overruled the objection and motion.
Plaintiff testifying in his own behalf was permitted to identify copies of letters he had written to the defendant association and over objection copies of these letters were admitted in evidence. In the first letter, Plaintiff's Exhibit No. 8, dated May 2, 1960, he discussed his disability and pain and limited maneuverability. Plaintiff's Exhibit No. 9 was a letter written October 31, 1960. In that letter plaintiff stated he had returned to work after an absence of several months due to surgery as a result of his injury in 1955. Plaintiff's Exhibit No. 10, a letter dated November 30, 1961, was a history of his case, with the statement that he was declared permanently and totally disabled by the U.S. Government hospital at Chicago in August, 1961. The letter further stated that he was unable to work at all, and that quitting work was not his idea, but that of the staff and consultants *461 of the U.S.P.H.S. (United States Public Health Service Hospital) in Chicago. The letter goes on to state that plaintiff has a wife and three small children.
The defendant claims that the admission of the testimony of Berst and Bowers as to the disability of the plaintiff was reversible error.
[1] The law of the State of Illinois is that neither an expert nor a nonexpert witness may give his opinion on an ultimate issue in the case. Wawryszyn v. Illinois Cent. R. Co., 10 Ill. App.2d 394, 135 NE2d 154; Gillette v. City of Chicago, 396 Ill. 619, 72 NE2d 326; Hughes v. Wabash R. Co., 342 Ill. App. 159, 95 NE2d 735. In the Hughes v. Wabash R. Co. case an expert witness was asked a hypothetical question as to whether a crossing was extra hazardous. The court held that permitting this witness to express his opinion that the crossing was an extra hazardous crossing constituted reversible error. In the case of Ginsberg v. Ginsberg, 361 Ill. 499, 198 NE 432, a witness was offered as to the mental capacity of the testatrix. The court, citing Baddeley v. Watkins, 293 Ill. 394, 127 NE 725, held that unless the witness details conversations, incidents, facts and circumstances sufficient to impress the mind of a man of common experience that such witness has a knowledge of the testator's mental condition, and that his opinion is not a guess, supposition or speculation, his opinion should not be received in evidence. Citing also, Hettick v. Searcy, 278 Ill. 116, 115 NE 842, and Britt v. Darnell, 315 Ill. 385, 146 NE 510. While the testimony in the Ginsberg case was as to a mental condition, the same rule would apply to testimony as to a physical condition.
[2] In this case, neither of the two witnesses, Berst or Bowers testified as to incidents, facts or circumstances which would show a knowledge of the *462 plaintiff's disability. Their testimony he was disabled was opinion evidence only and not admissible.
As to the letters of the plaintiff, defendant claims they were hearsay and self-serving, and not admissible.
[3, 4] The general rule is that a party cannot by self-serving declarations make evidence for himself concerning his dealings with the other party or the liability of such other party, and such self serving declarations are incompetent. They may become competent to rebut evidence of a contrary attitude of the writer where such is offered by the adversary. Where they are simply self serving statements, they are generally inadmissible. George J. Cooke Co. v. Fred Miller Brewing Co., 316 Ill. 46, 146 NE 459; City of Chicago v. McKechney, 205 Ill. 372, 68 NE 954. In the case of Home Life Ins. Co. v. Franklin, 303 Ill. App. 146, 24 NE2d 874, where self-serving letters were offered, the court cited the case of Schwarzchild & Sulzberger Co. v. Pfaelzer, 133 Ill. App. 346, where the court held that admissibility of such letters turned upon the question whether such letters were helpful or necessary to the understanding of the answer thereto.
[5] In Plaintiff's Exhibit No. 10, plaintiff stated in his letter that he was married and had three small children. The case of Jones & Adams Co. v. George, 227 Ill. 64, 81 NE 4, was a case where the plaintiff was allowed to prove he was a married man and had three children. The court held this proof reversible error, holding that evidence of this character not only tends to enhance the damages, but is calculated to arouse a sympathy for the plaintiff which is liable to unconsciously influence the jury in the decision of other controverted questions of fact in the plaintiff's favor.
Here the fact that the plaintiff was married and had three children was irrelevant to the issues of the *463 cause, and while they were in the letter of the plaintiff, the admitting of the exhibit with such a statement in it accomplished the same result as testimony would have accomplished, in giving to the jury the information.
The admission of Plaintiff's Exhibits Nos. 8, 9 and 10 was error.
[6] If the opinion of the witnesses Berst or Bowers, as to the disability of the plaintiff had been elicited by inadvertence, or had been in response to cross-examination, its admission might not, as a single opinion, be enough to constitute reversible error. Such was not the case here. The questions were asked, they were objected to and the trial court allowed them. After the witness had expressed the opinion, it was moved to strike the answer and this was denied. When this court considers the three letters which were plainly inadmissible, the irrelevancy of the family status of the plaintiff in one letter, and the admitting of the opinions of the two postal clerks that the plaintiff was totally and permanently disabled, without the witness detailing of such facts and circumstances that would support their opinions, this court can only find that there was reversible error committed in the admission of such testimony. If, the plaintiff is totally and permanently disabled, he should prove it by competent medical testimony. He cannot prove such disability by the opinion of lay witnesses nor by his own statements, whether oral or written.
The judgment will be reversed and the cause remanded for a new trial. Since this court holds that reversible error was committed in the introduction of evidence, it is not necessary that the court pass on the other points urged in the appeal.
Reversed and remanded for new trial.
DOVE, P.J. and WRIGHT, J., concur.